## METROPOLITAN AUTO SALES CORPORATION
### *v.* KONESKI, et al.

[No. 5, September Term, 1968.]

146

*Decided January 15, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*James K. Foley* for appellant.

*James M. Gabler,* with whom were *John G. Prendergast, Jr., Smith, Somerville & Case,* and *Harold T. Grier,* on the brief, for appellees.

McWILLIAMS, J., delivered the opinion of the Court.

We have here a familiar theme with some bizarre variations. Mrs. Koneski, who had the right of way, was injured when her automobile was struck by a station wagon driven by David McKinley Young (Young). A Calvert County jury returned a verdict of $7,500 in her favor against Young and Metropolitan Auto Sales Corporation (appellant), a District of Columbia corporation. The jury also returned a verdict of $1,100 in favor of her husband against the same defendants. Young has not appealed. So much for the theme; now for the variations.

On or about 21 February 1964 Young, a "pre-law" student employed as a taxi driver, visited appellant's place of business in Washington to examine a 1961 Simca [1] that he was minded

---

1. A small French automobile. "Simca" is an acronym derived from Société Industrielle de Méchanique et de Carrosserie Automobile.

to buy for his wife. After several visits he and John G. Bowling, appellant's manager, came to an agreement. Bowling said he would sell the Simca for $795 and accept, subject to inspection, Young's 1956 Ford station wagon as a $150 down payment. He said also he would try to arrange for a loan to Young for the balance.. In the forenoon of 26 February Young went to appellant's used car lot and learned from Bowling that a finance company known as Lenders of Maryland had agreed to make the loan.

Young and Bowling set out in the Simca, with Young driving, for Young's house in Forrestville, Prince George's County. When they arrived Bowling inspected the Ford and agreed it was worth $150. Because Young's license plates had expired Bowling took the dealer plates off the Simca and transferred them to the Ford. The storage battery in the Ford was "dead" and the cooling system had been drained. Bowling assisted Young in putting water in the "radiator." Then they procured a "jumper cable" and by using the storage battery in the Simca they were able to get the Ford "started up." With Young at the wheel, they left for Lenders to obtain the check. Bowling insisted that Young drive. It had been agreed that Young would take Bowling, in the Ford, back to appellant's car lot in Washington, sign the necessary papers and then return home in his taxicab. On the way to Lenders they ran into Mrs. Koneski. After the accident the Ford was towed back to Young's house. Bowling retrieved his dealer plates and drove the Simca back to Washington. Neither Young nor appellant pressed for a conclusion of the transaction and there it seems to have rested.

The Koneskis filed suit against Young in the Circuit Court for Prince George's County on 24 June 1964. Young responded with a general issue plea. In reply to an interrogatory Young stated he was the owner of the Ford and, by failing to respond to a request for admission, he again admitted ownership. About a year later, leave of court having first been obtained, he filed an amended plea denying ownership; a few months later he filed an amended answer to the interrogatory and an amended admission of fact in both of which he admitted record title but denied ownership. On 2 June 1965 Young initiated third party proceedings aimed at making appellant a third party defendant.

For reasons not apparent in the record this attempt proved to be abortive. The case had been scheduled for trial on 5 October 1965, 5 January 1966, and again on 16 March 1966. On 14 March, Young filed a suggestion and affidavit of removal and on the same day the court ordered the papers sent to the Circuit Court for Calvert County for trial. At this point Young acquired new counsel.

The transcript of the record arrived in the Calvert County court on 24 March 1966. The case was scheduled for trial on 4 October but for reasons undisclosed it was again postponed. On 10 October 1966 Young, having obtained leave to do so, filed a third party claim against appellant. Appellant responded with a demurrer. Before the demurrer could be heard the Koneskis sought leave to file an amended declaration against both Young and appellant. Appellant objected, claiming that a ruling on its demurrer would dispose of any claim against it. On 18 January 1967 Judge Bowen, after a hearing, overruled appellant's demurrer and granted the Koneskis' motion for leave to file an amended declaration, giving them 15 days in which to do so. They, however, were Johnny-on-the-spot with the amended declaration. It was served forthwith on counsel for appellant, apparently in the courtroom just after the hearing, and filed immediately thereafter. Young filed a general issue plea the following day and 10 days later appellant filed a motion raising preliminary objections. The motion and the supporting affidavit are as follows:

> "Comes now the Defendant, Metropolitan Auto Sales Corporation by its attorney, and pursuant to Rule 323 of the Maryland Rules of Procedure, files this motion raising preliminary objections on the ground of illegality of service of process and for grounds of this motion states as follows:
>
> "1. That said defendant is a District of Columbia Corporation doing business only in the District of Columbia.
>
> "2. That service of process on said defendant was obtained by serving the Secretary of State under the non-Resident Motorist Statute.

"3. That the Amended Declaration and Third-Party Complaint failed to set forth sufficient grounds for such service.

"4. That the motor vehicle involved in the collision was owned and operated by the defendant, David McKinley Young. (See Affidavit attached.)

"5. That the said motor vehicle was not under the operation or control of the defendant, Metropolitan Auto Sales Corporation. (See affidavit attached.)"

* * *

"Personally appeared before me, LLOYD A. COWARD, President of the Metropolitan Auto Sales Corporation, who being first duly sworn upon oath, did depose and say as follows:

"That he is the President of the Metropolitan Auto Sales Corporation, a District of Columbia Corporation, doing business solely in the District of Columbia. That on or about the 26th day of February, 1964, the Defendant, David McKinley Young, contracted to purchase an automobile from the Defendant, Metropolitan Auto Sales Corporation, and offered to trade in a motor vehicle which was involved in a collision with the Plaintiffs Edward C. Koneski, and Ruth J. Koneski,

"That the Defendant, David McKinley Young, returned to his home in Upper Marlboro, Maryland, for the purpose of bringing the vehicle to the office of the defendant, Metropolitan Auto Sales Corporation for appraisal and trade-in on a motor vehicle to be purchased. That the said motor vehicle was owned by the Defendant, David McKinley Young, operated by the said Defendant, and was not under the care, custody or control of the Defendant, Metropolitan Auto Sales Corporation at the time of said collision.

"That the transfer of title to said motor vehicle and ownership of said motor vehicle was to be made upon delivery of the said motor vehicle to the lot of the Defendant, Metropolitan Auto Sales Corporation but that said collision occurred prior to that time."

Both Young and the Koneskis challenged the propriety of appellant's motion and on 14 February 1967 it was denied. On 27 April 1967 appellant, "for a Plea to Amended Declaration," stated that the court lacked jurisdiction over it, that it did not commit the wrongs alleged, that Young was not its agent, that Mrs. Koneski was contributorily negligent and that it was not the owner of the Ford. At the same time appellant filed a cross claim against Young who, within a week, responded with the general issue plea.

Eventually, on 13 September 1967, the case was tried. When the Koneskis rested appellant moved for a directed verdict for the reason "there had been no showing of ownership of the motor vehicle [the Ford] in" appellant. Young also moved for a directed verdict citing as grounds therefor "no showing of negligence" on his part and "a showing of contributory negligence" on the part of Mrs. Koneski. Both motions were denied. When the defense rested both appellant and Young again moved for directed verdicts citing substantially the same grounds. Again both motions were denied. Neither Young nor appellant offered any motions in respect of appellant's cross claim against Young. In addition to the verdicts in favor of the Koneskis the jury returned a verdict in favor of Young in the cross claim.

Appellant's motion for judgment n.o.v. was directed to the judgment in favor of the Koneskis and the appeal to this Court is from Judge Bowen's order denying appellant's motion for judgment n.o.v. There was no appeal from the judgment in favor of Young in the cross claim. We shall deal with appellant's contentions in the order in which they appear in its brief.

I.

For reasons which presently will appear it is unnecessary for us to consider whether appellant's demurrer to Young's third party claim should have been overruled.

II.

Appellant submitted itself to the jurisdiction of the Circuit Court for Calvert County when it filed its demurrer to Young's third party claim. But, it argues, had the court sustained its

demurrer, as it should have done, it would have lost its jurisdiction and, as a result, the amended declaration could not have been served on it. From the record it cannot be said with assurance that the ruling on the demurrer preceded the service of the amended declaration upon appellant. If it was subsequent to the service of the amended declaration then appellant would have been still within the jurisdiction even if the demurrer had been sustained. Maryland Rule 315. The fact is, however, that the demurrer was overruled and, in any case, it is unnecessary to develop any concern over appellant's plight because it promptly proceeded to paint itself into a corner by its motion raising preliminary objections. Rule 323 specifies the defenses that can be made in such a motion.[2] Appellant denied in its motion, *supra,* both ownership of the Ford and control over Young. Clearly these denials go to the merits of the case and are not related to its challenge to the jurisdiction.

In *McCormick v. St. Francis de Sales Church,* 219 Md. 422, 428-29, 149 A. 2d 768 (1959), we said:

> "* * * The validity of the service was a proper inquiry under the motion. Rule 323 a (5). * * * But the other defenses raised by that portion of the motion which sought to strike the declaration clearly went to the merits, and were in the nature of special pleas, which were improperly joined in the motion to quash. * * * Rule 323 contemplates that no pleading (including a motion) shall be filed before a motion under

---

2. "Rule 323. Motion Raising Preliminary Objection
"a. *Motion Optional.*
"The following defenses may at the option of the pleader be made by motion:
(1) lack of jurisdiction over the subject matter
(2) lack of jurisdiction over the person
(3) improper venue
(4) insufficiency or illegality of process
(5) insufficiency or illegality of service of process
(6) lack of legal capacity to sue on part of plaintiff
(7) pendency of another action between the same parties for the same cause
(8) want of necessary parties"

that Rule. *We have held that even if it be shown that a person was not properly summoned, such right may be voluntarily waived, and that upon the filing of a general issue plea, no further action is necessary in reference to a writ of summons. Harvey v. Slacum,* 181 Md. 206, 210, 211. For these reasons, the appellant in the instant case objected to any evidence relating to improper service, in view of the defenses asserted on the merits, by counsel for the sisters, on the ground that there had been a general appearance.

"* * * 'if an appearance, no matter how characterized, is in effect a general appearance, it will have the result of binding the party appearing in subsequent proceedings in this case.' In the instant case *the assertion of defenses on the merits, in the motion to strike the declaration, was an invocation of the jurisdiction of the court,* even though, procedurally, it was improperly coupled with the motion to quash. *We think filing of the motion operated as a general appearance* and constituted a waiver of the preliminary objection. *A person who denies that a court has jurisdiction and asks relief on that ground cannot ask anything of the court which is inconsistent with the want of such jurisdiction. * * *.*"

*See also Eastham v. Young,* 250 Md. 516, 243 A. 2d 559 (1968).

Ground No. 2 of appellant's motion, *supra,* states that service of process was obtained by serving the Secretary of State. This may have been an inadvertence on the part of counsel for appellant as there is nothing in the record to show that the Secretary of State was served with the amended declaration. However, appellant did not object in the court below to the method of service of the amended declaration employed by the Koneskis and certainly it is now too late to do so. Rule 885. There was no error in Judge Bowen's ruling on the motion.

### III.

Appellant objected at trial to the testimony of Mrs. Koneski that the value of her car at the time of the accident was

about $500. She said she had purchased the car for $400 about five months before the accident and that she valued it at $500 because she had equipped it with new tires and had had some work done on it. "It is well settled in this State that an owner of personal property in common use may express an opinion as to its value without qualification as an expert." *Cofflin v. State,* 230 Md. 139, 142, 186 A. 2d 216 (1962); *accord, Checkpoint Foreign Car Serv., Inc. v. Sweeney,* 250 Md. 251, 242 A. 2d 148 (1968); *Smith v. Potomac Elec. Power Co.,* 236 Md. 51, 60, 202 A. 2d 604 (1964).

## IV.

The bill for Mrs. Koneski's 12 day sojourn in the Montgomery General Hospital totaled $336.35. There was no showing that her hospitalization was necessary or that the charge was reasonable, other than later testimony that a charge of $337.21 for 6 days (in 1967) in Holy Cross Hospital was fair and reasonable. No details of this stay are in the record. In *Kujawa v. Baltimore Transit Co.,* 224 Md. 195, 208, 167 A. 2d 96 (1961) we said:

> "The medical bills, absent a showing of reasonableness, were properly excluded. Evidence of the amount or payment of medical bills does not establish the reasonable value of the services for which the bills were rendered or justify recovery therefor. * * *."

To the same effect *see Washington, Baltimore & Annapolis R.R. Co. v. Kimmey,* 141 Md. 243, 118 A. 648 (1922).

While the admission of the bill was clearly improper we do not think the error justifies a reversal. However, we shall require the judgment in favor of Edward Koneski to be reduced by $336.35. Rule 875.

## V.

Young was allowed, over appellant's objection, to say, "Yes, I feel that * * * [appellant was] the owner [of the Ford] at that particular time." While this statement should have been excluded, *County Comm'rs v. Bel Air Suburban Improvement Ass'n,* 134 Md. 548, 552, 107 A. 348 (1919), any prejudice resulting from its admission was more than offset by admissible

testimony of the transaction between Young and appellant which was sufficient for a jury to conclude that a contract had been made. *See Yellow Cab Co. v. Hicks,* 224 Md. 563, 572, 168 A. 2d 501 (1961); *Glen Burnie Shopping Plaza, Inc. v. Schreiber Bros., Inc.,* 220 Md. 303, 307-08, 152 A. 2d 807 (1959); *Kiterakis v. Maryland,* 144 Md. 81, 82-83, 124 A. 401 (1923).

## VI.

Appellant contends the trial court erred in denying its motion for a directed verdict. In our consideration of this contention we must assume the truth of all evidence tending to sustain the Koneskis, against whom the motion was directed, as well as all inferences of fact reasonably and fairly deducible therefrom. *Smack v. Whitt,* 249 Md. 532, 536, 240 A. 2d 612 (1968); *Wood v. Johnson,* 242 Md. 446, 219 A. 2d 231 (1966). If there is any relevant and competent evidence from which a rational mind could infer a fact in issue, then a directed verdict should not be granted. *Plitt v. Greenberg,* 242 Md. 359, 219 A. 2d 237 (1966).

Appellant argues that since no written contract had been signed by Young, that no down payment had been made, that after the accident the sale fell through, that the title and registration of the Ford were in Young's name, Young, not appellant, was the owner of the Ford at the time of the accident. We are not persuaded by this argument because we think there was evidence from which the jury could have determined that appellant was the owner.

Whether the contract between Young and appellant was enforceable by either of them is a question which is not before us. Our only concern is whether the Koneskis' suit can be maintained against appellant as the owner of the Ford. "Title registration merely raises a presumption of ownership, which, not being conclusive, is rebuttable by evidence to the contrary if such is produced." *Liberty Mut. Ins. Co. v. American Auto. Ins. Co.,* 220 Md. 497, 500, 154 A. 2d 826 (1959). Code, Art. 95 B § 2-401 (2) provides that:

"Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller com-

pletes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place * * *."

The testimony of Young and Bowling was sufficient to support a determination that appellant had completed its performance. It was for the jury to decide. *Liberty Mut. Ins. Co. v. American Auto. Ins. Co., supra.*

## VII.

Appellant contends it was error for Judge Bowen to instruct the jury that Koneski was entitled to damages for loss of consortium. Appellant relies on *Deems v. Western Maryland Ry. Co.,* 247 Md. 95, 115, 231 A. 2d 514 (1967). In *Deems* we said:

"that, when either husband or wife claims loss of consortium by reason of physical injuries sustained by the other as the result of the alleged negligence of the defendant, that claim can only be asserted in a joint action for injury to the marital relationship. * * *

"The holding here made shall apply to all future and pending actions, except for claims by husbands and wives which, prior to the date of the filing of this opinion, have been effectively barred by settlement, judgment, the Statute of Limitations, or otherwise."

*Deems* was decided on 7 June 1967. The accident in the instant case happened on 26 February 1964. No attempt was made by the Koneskis, after 7 June 1967, to amend the amended declaration by adding a third count asserting a joint action for injury to the marital relationship. It must not be supposed, however, that we are saying such a move would have brought the Koneskis within the rule of *Deems.* In any event further discussion in this vein is unnecessary. It is clear that appellant's contention must be rejected because it (appellant) failed to state distinctly its grounds for objecting to Judge Bowen's charge in respect of the loss of consortium. Rule 554 d requires a party who objects to any portion of any instruction given to the jury to make his objection before the jury retires to consider its ver-

dict, stating distinctly the portion to which he objects and the ground of his objection. Maryland Rule 554 e provides that upon appeal a party shall be restricted to the particular portion of the instructions distinctly objected to and the grounds of objection distinctly stated at the time. No other errors or assignments of errors in the instructions shall be considered by this Court. *Fiege v. Boehm,* 210 Md. 352, 123 A. 2d 316 (1956).

## VIII.

Finally, appellant insists Judge Bowen erred when he instructed the jury that the Maryland Uniform Commercial Code applied to the transaction between Young and appellant in determining ownership of the Ford. This is without merit. Appellant failed to give proper notice to the adverse parties of its intention to rely on foreign law. Code, Art. 35 § 50 provides:

> "Any party may also present to the trial court any admissible evidence of such laws [of another state], *but, to enable a party* to offer evidence of the law in another jurisdiction or *to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise."* (Emphasis added.)

*Gallagher's Estate v. Battle,* 209 Md. 592, 596-97, 122 A. 2d 93 (1956).

For the reasons stated herein the judgment of the trial court in Edward Koneski's case will be reduced by $336.35 and the judgment in Mrs. Koneski's case will be affirmed.

> *Judgment in favor of Edward Koneski reduced to $763.65 and as reduced affirmed.*
> *Judgment in favor of Ruth Koneski affirmed.*
> *Costs to be paid by appellant.*