IN RE APPEAL NO. 321 FROM THE CIRCUIT COURT
OF BALTIMORE CITY, SITTING AS A
JUVENILE COURT

[No. 321, September Term, 1974.]

*Decided December 20, 1974.*

The cause was argued before POWERS, GILBERT and LOWE,
JJ.

*Solomon    Reddick,    Assistant    Public    Defender,*    for
appellant.

*Bernard A. Raum, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *David Katz, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

The juvenile appellant was found to be delinquent for having broken into a grocery store in company with another. On the same date that he was found delinquent, his mother was ordered to make full restitution. While acknowledging the constitutionality of the vicarious liability imposed upon parents by Courts Art. § 3-839, *Matter of Sorrel,* 20 Md. App. 179, on this appeal she enticingly questions the constitutionality of-the enforcement clause of that section which gives the court:

". . . full power to cite for contempt for a violation thereof if the facts of a particular case before him indicates sufficient ability of such parent to comply with such order."

Appellant argues that the exercise of contempt power to enforce a money judgment violates Art. III, § 38 of the Maryland Constitution, prohibiting imprisonment for debt. The only exception to that prohibition is for the support of a wife or dependent children. That exception was provided for by constitutional amendment as part of § 38.

## Enforcement by Contempt

Unfortunately the mother's argument is premature. Although the debt was incurred, she has not been held in contempt for violation nor has payment of the restitution order been otherwise enforced. Consequently she is unharmed and unaffected, and her argument is only hypothetically posed on the basis of what might eventually happen. "The best teaching of judicial experience admonishes us not to entertain constitutional questions in advance of the strictest necessity." *Minner v. Minner,* 19 Md.

App. 154, 158 quoting *Wilkins v. State,*[1] 16 Md. App. 587, 598; *see also United States v. Raines,* 362 U. S. 17, 21. Intriguing as it appears, the issue must await determination until it comes to us on surer footing.

The generally awkward posture in which the case is presented to us crystallizes the inherent procedural complications of the novel concept of vicarious liability. It is incongruously codified as a juvenile cause, appears to be a civil judgment, and is enforceable by incarceration. Further evidencing that incongruity, if further evidence is needed, is the peculiar position of the delinquent's mother as a party appellant represented by the Public Defender assigned to defend her son, who, on her behalf, attacks a money judgment against her. Before exercise of the enforcement clause would have been possible (as noted, its exercise was a pre-condition to a justiciable controversy here) the statutory requirement that the mother be shown to possess "sufficient ability . . . to comply with [the] order . . . " must have been met. Any such finding would hardly be compatible with the indigency prerequisite to her present representation by a public defender.

## Apportionment of Restitution

The second question raised is far more ingenuous. Since the juvenile appellant's cohort was not before the court, the entire loss was assessed to the mother who now argues that she should be responsible only for so much of the loss as was attributed to her son. We do not agree. The statute limits such parent's liability only by a dollar amount, *i.e.,* one thousand dollars, not to a pro rata share of the mischief accomplished by the juvenile. In the event joint restitution is prescribed against another, or the parents of a co-delinquent, contribution may be sought. Notwithstanding the right to such contribution the restitution so ordered should assure the injured of payment within the prescribed limit in a manner comparable to the liability of a joint tort-feasor Were we to rule otherwise, only partial

---

1. Affirmed by the Ct. App. in Wilkins v. State, 270 Md. 62.

restitution would be had where a co-delinquent's parent was without the ability to pay. That the recovery was intended to follow the ability to pay, is comprehended by the Legislature's restriction of the questioned enforcement clause to parents "with sufficient ability . . . to comply." The vicarious liability is imposed as a consequence of a presumed neglect of parental responsibilities, but it is aimed at restoring a measure of the injury incurred.

*Judgment affirmed.*