499 A.2d 936

**In re JOSE S. and Samuel B.**

**No. 19, Sept. Term, 1985.**

Court of Appeals of Maryland.

Nov. 7, 1985.

Barbara L. Matthews, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender and Sherrie B. Glasser, Asst. Public Defender, Baltimore, on the brief), for appellant.

Valerie J. Smith, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

SMITH, Judge.

We are concerned in this case with the propriety of awards for restitution entered against Jose S., a juvenile, and Deborah A., the mother of Samuel B., another juvenile.

We find error in the awards. Hence, we shall direct that the order of the trial court as to Jose S. be modified and that the order as to Deborah A. be vacated. The case is to be remanded for further proceedings consistent with this opinion.

## I

The State's Attorney for Montgomery County filed petitions in the District Court of Maryland sitting as the juvenile court in Montgomery County in which Jose S. and Samuel B. were charged with daytime housebreaking, breaking and entering, and theft of goods of a value of under $300.00.

The adjudication hearing for Samuel B. was held on December 14, 1983. At that time he admitted the breaking and entering. The State dismissed the other charges.

A restitution hearing in both cases and the adjudication hearing as to Jose S. were set on December 14 for January 26, 1984. At the December hearing the juvenile judge placed the parents of Samuel B. on notice that restitution proceedings would be held against them. Also, at that December hearing a notice of claim of liability of the parents was served upon Samuel B.'s parents pursuant to Maryland Rule 918.

Between the December and January hearings an attorney from the office of the Public Defender entered an appearance for Deborah A. He was not the same attorney who represented Samuel B.

At the January hearing Jose S. admitted the charge of stealing goods of a value of less than $300.00. The State dismissed the other charges against him. Testimony was heard from the victim of the acts of the juveniles as to the value of the goods taken. He placed a value of $829.00 on his goods. An order was entered against Jose S. and his mother for restitution in the amount of $414.50. A like order was entered against Samuel B. and his mother, Deborah A. Jose S. and Deborah A. appealed the restitution orders to the Court of Special Appeals. That court affirmed in an unreported opinion (No. 210, September Term, 1984). We then granted the petition of Jose S. and Deborah A. for a writ of certiorari.

We shall develop such additional facts in the process of our discussion as may be requisite to a full understanding of the issues before the Court.

## II

■ Jose S. argues that once the court accepted his plea to the charge of theft under $300.00 it was without authority to order restitution in excess of such sum. He relies upon *Walczak v. State*, 302 Md. 422, 488 A.2d 949 (1985),

and *Mason v. State,* 46 Md.App. 1, 415 A.2d 315 (1980). Those cases each involved criminal charges against adults. In each instance it was held that defendants could not be required to make restitution to the victim of a crime for which the defendant was not convicted. In footnote 3 of *Walczak,* 302 Md. at 432, 488 A.2d at 954, Judge Eldridge pointed out for the Court that there is a narrow exception in cases in other jurisdictions "in which a defendant has entered a plea agreement for restitution of greater amounts than those involved in the crime for which conviction was had." No such plea agreement was entered into in *Walczak.* Although there appears to have been a plea agreement, nothing was presented to the court in the case at bar which would suggest that restitution was a part of the agreement.

The State invokes *Proctor v. State,* 49 Md.App. 696, 435 A.2d 484 (1981), and argues, "Jose's plea was not limited in dollar amount, but was simply to the charge of theft. The amount of loss is not an element of the crime of theft, and is only pertinent to the issue of sentence and punishment in the adult criminal context." It points out, correctly, that we have held that a juvenile proceeding itself is not considered a criminal one.

Provision for liability for restitution is found in Maryland Code (1974, 1980 Repl Vol., 1983 Cum.Supp.) § 3–829, Courts and Judicial Proceedings Article. Subsection (a) sets forth the circumstances in which a restitution award may be made:

"The court may enter a judgment of restitution against the parent of a child, or the child in any case in which the court finds a child has committed a delinquent act and during the commission of that delinquent act has:

"(1) Stolen, damaged, or destroyed the property of another;

"(2) Inflicted personal injury on another, requiring the injured person to incur medical, dental, hospital, or funeral expenses."

For purposes of this case the key words in the statute are the requirement that the court find that "a child has committed a delinquent act and during the commission of that delinquent act" has done certain things. The only delinquent act before the court insofar as Jose S. is concerned was a charge that he had stolen goods under $300.00. It is that charge which he admitted. He admitted nothing more. The other charges against him were dismissed. The order of restitution is devoid of any finding against Jose S. other than that he committed the delinquent act of stealing goods of less than $300.00 in value. Under that circumstance the trial court erred in awarding restitution against Jose S. for a sum greater than that with which he was charged.

### III

■ Deborah A. first argues that she was not given adequate notice of the possible amount of restitution that could be awarded. She refers to the fact that at the adjudicatory hearing for Samuel B. when the trial judge inquired as to whether they were "talking about a lot of restitution" the prosecutor replied, "I would say probably if it's split 50–50 it is going to be about $250 bucks per boy." Hence, she argues that she was on notice of no more than $250.00, not the sum of $414.50 ultimately entered against her.

There are two things wrong with this contention. First of all, as we have indicated, there was compliance with Rule 918 pertaining to parents' liability. That which was served upon her notified her that she might be liable for up to $5,000.00. Secondly, the trial court would have been permitted to assess the entire loss against her. The Court of Special Appeals in *In Re Appeal No. 321*, 24 Md.App. 82, 329 A.2d 113 (1974), had before it a case where the entire loss was assessed to the mother of one juvenile who argued that she should be responsible only for that portion of the loss attributable to her son. Judge Lowe said for the Court of Special Appeals in rejecting that contention:

"The statute limits such parent's liability only by a dollar amount, *i.e.*, one thousand dollars,[1] not to a pro rata share of the mischief accomplished by the juvenile. In the event joint restitution is prescribed against another, or the parents of a co-delinquent, contribution may be sought. Notwithstanding the right to such contribution the restitution so ordered should assure the injured of payment within the prescribed limit in a manner comparable to the liability of a joint tort-feasor. Were we to rule otherwise, only partial restitution would be had where a co-delinquent's parent was without the ability to pay. That the recovery was intended to follow the ability to pay, is comprehended by the Legislature's restriction of the questioned enforcement clause to parents 'with sufficient ability ... to comply.' The vicarious liability is imposed as a consequence of a presumed neglect of parental responsibilities, but it is aimed at restoring a measure of the injury incurred." 24 Md.App. at 84–85, 329 A.2d at 114.

Thus, the in-court colloquy between the trial judge and the prosecutor which Deborah A. claims provided her with notice, should have notified her of a possible liability of $500.00. That which was entered against her was considerably below the $5,000.00 mentioned in the notice under Rule 918 and somewhat below this figure of $500.00. Hence, Deborah received due and adequate notice.

### IV

■ Deborah argues that the court could not order restitution against her as the parent of Samuel B. without first finding that her child had "stolen, damaged, or destroyed" the property. No such determination was made by the trial judge at the restitution hearing. As we have set forth, the adjudication hearing as to Samuel B. was held over a month before the restitution hearing. At the adjudication hearing the determination was not that Samuel B. stole the property

---

1. Now $5,000.00.

of the victim but that he broke and entered the victim's dwelling. The restitution order recites this finding. It makes no reference to removal of property by Samuel. In *In Re Dan D.*, 57 Md.App. 522, 470 A.2d 1318 (1984), Judge Wilner said for the Court of Special Appeals:

"Whether a restitution hearing is conducted as part of an adjudicatory or disposition proceeding or separately, as is also permitted, one thing is clear: there must appear in the record at the restitution hearing not only the judicial findings that are a prerequisite to liability, but sufficient evidence to support those findings. If the restitution hearing is conducted as part of or contemporaneously with the adjudicatory hearing, there is, of course, no need to have the same evidence introduced twice. So long as the parent being proceeded against has a full and fair opportunity to participate—to cross-examine witnesses, to challenge evidence, to present evidence on his own behalf—the evidence taken at that proceeding may and should be regarded as applicable not only with respect to the child's adjudication, but also with respect to the issue of restitution. If it suffices to establish the statutory criteria for liability, no more is required.

"The problem arises when the restitution hearing is conducted later, either as part of a disposition proceeding or separately. The underlying facts pertaining to the delinquent act, having already been established, are not normally relitigated in a disposition hearing. But as we made clear in *Matter of Sorrell, supra,* 20 Md.App. 179, 315 A.2d 110, and again in *In Re Appeal No. 769, Term 1974,* 25 Md.App. 565, 335 A.2d 204, *cert. den.* 275 Md. 751 (1975), parental liability may not flow inevitably from a prior determination that the child is delinquent. As we said in *Sorrell* with respect to the predecessor statute to § 3–829 (art. 26, § 71A), a juvenile court judge may enter a restitution judgment only after a restitution hearing 'wherein evidence is produced that is legally sufficient' to establish the statutory criteria. 20 Md.App. at 191, 315 A.2d 110." 57 Md.App. at 528–29, 470 A.2d at 1321.

As we indicated earlier in this opinion, § 3–829 places liability on a parent when his child has stolen, damaged, or destroyed the property of another. The trial judge having failed at the restitution hearing to find that Samuel B. stole, damaged, or destroyed the property of the victim in question, it follows that the restitution award against Deborah A. cannot stand.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED; AS TO JOSE S., THE CASE IS REMANDED TO THAT COURT FOR PASSAGE OF AN ORDER MODIFYING THE JUDGMENT OF RESTITUTION AND OTHERWISE AFFIRMING THE JUDGMENT; AS TO SAMUEL B., THE CASE IS REMANDED TO THAT COURT FOR PASSAGE OF AN ORDER REVERSING THE ORDER OF RESTITUTION; MONTGOMERY COUNTY TO PAY THE COSTS.