516 A.2d 1043

**Charles L. HART, Jr., et al.,**

v.

**George BULL, et al.**

**No. 251, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Nov. 7, 1986.

Jacob D. Hornstein, Baltimore, for appellants.

No brief or appearance by appellees.

Argued before GILBERT, C.J., and WEANT and KARWACKI, JJ.

WEANT, Judge.

Appellants are Michael C. Hart, a juvenile, and Charles L. Hart Jr. and Donna Hart, as parents and next friends of Michael C. Hart. Appellees are four juveniles and their respective parents.

Michael Hart alleges that on 15 March 1985 he was assaulted by the four juvenile appellees. In an effort to recover medical expenses incurred as a consequence of Michael's assault-related injuries appellants' attorney filed a petition for restitution in the Circuit Court for Baltimore County, sitting as a Juvenile Court. The petition stated that appellants were entitled to an award of restitution from appellees pursuant to the provisions of Md.Cts. & Jud.Proc.Code Ann. § 3–829.[1] Section 3–829 specifies, among other things, the circumstances in which a juvenile court may order restitution against a child or the parent of a child.

The master who initially considered the Harts' private petition recommended that the juvenile court dismiss the petition for lack of jurisdiction because 1) there was never a finding of a delinquent act as required by § 3–829 and 2) the petition was not timely filed. The master expressly declined to address whether a private party could properly file a petition for restitution in a juvenile court.

Appellants took exception to the master's recommendation. The matter was heard by the Honorable Edward A. Dewaters Jr. Appellants' attorney argued the case and an Assistant State's Attorney was available to answer questions posed by the court. Judge Dewaters dismissed the action and this appeal followed.

The questions as posed by appellants are:

1. Does Courts and Judicial Proceedings Section 3–829 of the Annotated Code of Maryland permit Appellants to file a petition in the Juvenile Court for restitution of

---

1. All references to the Code are to the Courts and Judicial Proceedings Article unless otherwise indicated.

dental and medical expenses resulting from the delinquent act of a juvenile in the absence of prior official action to secure an adjudication of delinquency?

2. Does public policy authorize the filing of a petition for restitution by Appellants pursuant to Courts and Judicial Proceedings Article 3–829 in the absence of action taken by the State's Attorney to adjudicate a finding of delinquency against a juvenile offender?

3. Did the Juvenile Court of Baltimore County have jurisdiction to hear and adjudicate the Petition for Restitution filed by Appellants herein pursuant to Courts and Judicial Proceedings Section 3–829?

### 1. and 3.

We understand appellants' first contention to be whether a petition for restitution is properly before the juvenile court when it is filed by private persons. That issue is not addressed by § 3–829.

"It is a hornbook rule of statutory construction that, in ascertaining the intention of the Legislature, all parts of a statute are to be read together to find the intention as to any one part...." *Thomas v. Police Commissioner of Baltimore City*, 211 Md. 357, 361, 127 A.2d 625, 627 (1956). *See also Greco v. State*, 307 Md. 470, 515 A.2d 220 (1986). Thus the entire subtitle concerning the jurisdiction of juvenile causes must be considered to resolve appellants' question.

Jurisdiction is, among other things, the power of a court to render a valid decree. *Moore v. McAllister*, 216 Md. 497, 508, 141 A.2d 176, 182 (1958); *see also Preissman v. Mayor and City Council of Baltimore*, 64 Md.App. 552, 559, 497 A.2d 826, 829 (1985). Section 3–804 addresses the jurisdiction of the juvenile court. Subsection (a) of § 3–804 provides that the juvenile court has "jurisdiction over a child alleged to be delinquent, in need of assistance, in need of

supervision, or who had received a citation for a violation.[2] The word "alleged," chosen by the Legislature when it drafted this section, can only mean alleged in a petition that is properly before the court.

In the case before us an intake officer received a complaint pursuant to § 3–810(a). The intake officer apparently decided that judicial action was not in the best interests of the offenders or the public. § 3–810(b)(1). An informal adjustment of the matter as permitted by § 3–810(b)(4)(iii) and (e) was selected to resolve  the complaint. Thus, the juvenile court did not have jurisdiction in the matter at that point because a petition had not been filed in that court by an authorized party as specified in § 3–812(b), *i.e.,* the State's Attorney.  Clearly, the victim in this case is not a party. § 3–810(c)(3)(i).

The victim, however, is permitted to appeal to the State's Attorney if he does not agree with the intake officer's decision to keep the case out of juvenile court. § 3–810(h).  The victim in the instant case chose not to follow that route.  Instead, counsel for appellants filed a document (captioned as if it were a civil action for damages and labeled "petition for restitution") directly in the juvenile court.  By doing so, appellants hurdled the gatekeeper (intake officer) and landed in the clerk's office.  Counsel ignored the concept that proper parties to a juvenile delinquency proceeding are the State and an offender. *See generally* § 3–810.

We agree with the U.S. District Court in *United States v. Ramapuram,* 432 F.Supp. 140, 142 (D.Md.1977), wherein the court recognized that no juvenile delinquency case can properly proceed without State's Attorney approval.  State's Attorney approval as evidenced by a petition from the State's Attorney was not present in this case. *No*

---

**2.** The juvenile court also has jurisdiction in certain proceedings that do not concern the instant case. *See* Md.Cts. & Jud.Proc.Code Ann. § 3–804(b), (c).

*jurisdiction* exists in a juvenile delinquency case until a petition is filed by the State. *See Parojinog v. State,* 282 Md. 256, 265, 384 A.2d 86, 91 (1978); § 3–812; and Md.Rule 903.

Appellants contend that if § 3–829 does not authorize a private petition for restitution, then "recovery of compensation from juveniles is dubious." While there is always a margin of doubt in recovering from anyone, there seems to be no reason why appellants could not have taken the obvious path to recovery in a civil suit.

2.

This question seems to imply that public policy supports a holding that appellants' procedural irregularity is proper. They rely on inconclusive, bare-bones legislative history along with the fact that an Assistant State's Attorney was allowed to be present to answer questions at the hearing below.

Appellants have neither cited nor have we found any authority to support their contention that public policy authorizes a private party to file a petition of restitution in the juvenile court. As we see it, public policy does not uphold the concept of governmental bodies assuming power beyond their authorized limits. If a juvenile court hears cases that the Legislature has not authorized it to hear, then that court has improperly assumed power. Juvenile court has only been sanctioned to hear cases which have been prosecuted by authorized parties as outlined above. The juvenile court properly refused to stray beyond its legal limits.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.