519 A.2d 806
**In re ZEPHRIN D.**
**No. 528, Sept. Term, 1986.**
Court of Special Appeals of Maryland.
Jan. 14, 1987.

George E. Burns, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender on the brief), Baltimore, for appellant.

Norman Smith, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Yolanda Gelpi, Asst. State's Atty. for Baltimore City on the brief), Baltimore, for appellee.

Submitted before BISHOP, ROSALYN B. BELL, and POLLITT, JJ.

ROSALYN B. BELL, Judge.

Zephrin D., a juvenile, was found delinquent, and a judgment of restitution was ordered against his mother for damages to the vehicles he stole and for the cost of a rental car for the owners while their vehicles were being repaired. This appeal questions whether the trial court erred in including the cost of a rental car as a part of the restitution order.

Zephrin was charged with stealing and defacing a 1984 Mazda automobile belonging to Jeffrey Wilson and a 1985 Mazda automobile belonging to Angela Sykes.[1] The facts provided to us in the record are minimal since Zephrin admitted his participation in these offenses. Each victim submitted a Claim for Restitution listing the damages to his and her separate property and expenses incurred as a result of Zephrin's unauthorized use of their vehicles. One of the expenses both victims listed was the cost of a rental vehicle used while their own cars were being repaired. Sykes listed the rental cost as $309.43. Wilson indicated that his insurance covered all of his rental cost except a $50 deductible that he paid.

The juvenile master recommended restitution against Zephrin's mother in the amounts of $841.73 payable to Wilson and $536.14 payable to Sykes. These amounts included the costs of the rental cars. Pursuant to Rule 911(c), Zephrin filed exceptions to the juvenile master's recommendations, challenging the restitution for the rental expense and requested a hearing on the record in the Circuit Court for Baltimore City. At the hearing Zephrin's counsel conceded Sykes's rental cost as $309.43. Neither party was able to obtain Wilson's rental cost. The court denied the exception. On appeal Zephrin contests the inclu-

---

1. Zephrin was also charged with other offenses unrelated to this appeal.

sion of the cost of Sykes's rental car in the restitution order.[2]

Maryland Cts. & Jud.Proc.Code Ann. § 3–829 (1974, 1984 Repl.Vol.) governs the restitution available to victims of delinquent acts. The section provides in pertinent part:

"(a) The court may enter a judgment of restitution against the parent of a child, or the child in any case in which the court finds a child has committed a delinquent act and during the commission of that delinquent act has:

(1) Stolen, damaged, or destroyed the property of another;

(2) Inflicted personal injury on another, requiring the injured person to incur medical, dental, hospital, or funeral expenses.

"(b) Considering the age and circumstances of a child, the court may order the child to make restitution to the wronged party personally.

"(c)(1) A judgment rendered under this section may not exceed:

(i) As to property stolen or destroyed, the lesser of the fair market value of the property or $5,000;

(ii) As to property damaged, the lesser of the amount of damage not to exceed the fair market value of the property damaged or $5,000; and

(iii) As to personal injuries, inflicted, the lesser of the reasonable medical, dental, hospital, funeral, and burial expenses incurred by the injured person as a result of the injury or $5,000."

Appellant contends that special damages, or those out-of-pocket expenses that flow from the loss suffered but which are not necessarily expected, Gilbert, Gilbert & Gilbert, *Maryland Tort Law Handbook* § 25.1.1 (1986), are not within the plain meaning of subsection (c)(1)(ii). The State argues that the purpose of the restitution statute is to

---

**2.** No appeal was taken as to the cost of Wilson's rental car. Hence, the court's denial of the exception as to the restitution owed Wilson remains in effect.

compensate victims of juvenile offenses and thus the Legislature intended subsection (c)(1)(ii) to be given its ordinary tort meaning to include special damages. The State also asserts that our decision in *In re Appeal No. 321,* 24 Md.App. 82, 329 A.2d 113 (1974), is controlling. Since we agree with appellant that special damages are not recoverable under subsection (c)(1)(ii), we will consider each of the State's arguments in turn.

## STATUTORY CONSTRUCTION

### 1. Plain Meaning

■■ Under the common law in Maryland, absent proof of agency, parents are not vicariously liable for the wrongful acts of their minor children. *In re: James D.,* 295 Md. 314, 317, 455 A.2d 966 (1983). Section 3–829 alters this rule by imposing liability on the juvenile's parent(s) where the child committed a delinquent act that caused injury to another. Exclusive of personal injury, the statute provides for some restitution to the victim where the juvenile either permanently deprived the victim of the property by stealing it or destroying it, or where the juvenile merely damaged the property. Since the statute is in derogation of the common law, it must be strictly construed. *Dillon v. Great Atlantic & Pacific Tea Co.,* 43 Md.App. 161, 166, 403 A.2d 406 (1979).

Section 3–829(c)(1)(ii) provides that "[a]s to property damaged," recovery may be had for the "amount of damage" in a limited fashion. Appellant posits that since subsection (c)(1)(ii) expressly speaks "to property damaged," only the amount for that actual property damage is recoverable. Focusing on the phrase "amount of damage" in subsection (c)(1)(ii), the State argues that all amounts expended by a victim as a result of a delinquent act are recoverable. Were we to accept the State's position, we would read the modifying phrase "[a]s to property damaged" out of the statute. "[A] statute, if reasonably possible, is to be read so that no word, clause, sentence or phrase is rendered surplusage,

superfluous, meaningless, or nugatory." *Police Comm'r v. Dowling*, 281 Md. 412, 419, 379 A.2d 1007 (1977). Since the phrase "amount of damage" refers to the phrase "[a]s to property damaged," the plain meaning of the language under subsection (c)(1)(ii) provides restitution only for actual physical damage to the property.

To construe the phrase "amount of damage" in subsection (c)(1)(ii) to include special damages would create an inconsistency in the statute between subsections (c)(1)(i) and (ii). Where the victim's property is not recoverable because it was stolen or destroyed, the victim is limited under subsection (c)(1)(i) solely to receiving either "the lesser of the fair market value of the property or $5,000." Special damages such as the cost of a rental vehicle, new license fees and higher insurance premiums are not available to these victims. Subsection (c)(1)(ii) differs from subsection (c)(1)(i) because it contains the additional phrase "amount of damage." The State proffers that we should construe this phrase to provide compensation for both actual property damage and additional out-of-pocket loss. To do so, however, would grant broader recovery for additional expenses to the victim who needs only to repair his or her damaged property, while a similar recovery would not be available to the victim who must completely replace his or her stolen or destroyed property. This would be absurd and we should avoid imposing a construction on a statute that leads to results that are unreasonable, illogical or contrary to common sense. *Cider Barrel Mobile Home Court v. Eader*, 287 Md. 571, 583, 414 A.2d 1246 (1980). In conclusion, based on the plain meaning of subsection (c)(1)(ii), the phrase "amount of damage" excludes any out-of-pocket expenditure besides that for actual physical damage to the property itself.

## 2. The Statutory Scheme

■ When construing one provision of a statute which is part of a statutory scheme, the legislative intent must be determined from the entire statute. *Bridges v. Nicely*, 304 Md. 1, 10, 497 A.2d 142 (1985). The scheme the Legislature

has constructed to effectuate the purpose behind § 3–829 supports our conclusion that special damages are not available under subsection (c)(1)(ii).

Section 3–829 serves a dual objective. *See In re: John H.*, 49 Md.App. 595, 598, 433 A.2d 1239 (1981), *aff'd*, 293 Md. 295, 443 A.2d 594 (1982). It provides for compensation to victims who have been injured or whose property has been stolen, damaged or destroyed as a result of a minor's wrongful acts. *In re: John H.*, 49 Md.App. 595, 598, 433 A.2d 1239 (1981). The statute is also penal in nature since liability arises "as a consequence of a presumed neglect of parental responsibilities." *In re Appeal No. 321*, 24 Md. App. at 85, 329 A.2d 113. Admittedly, full compensation to the victim would accomplish both these goals.

Certain restrictions on amount, substance and source of restitution built into the legislative scheme of § 3–829 indicate, however, that full tort recovery was not contemplated. For example, unlike in a cause of action sounding in tort, damages recoverable under § 3–829 are restricted in amount to a total limit of $5,000 for all acts arising out of a single incident. § 3–829(c)(2). The statute also contains limitations on the type of recoverable damages. As to personal injuries, only medical, dental, hospital, funeral and burial expenses incurred are recoverable. There is no provision under § 3–829 for an award for those ordinary tort damages such as pain and suffering, loss of income or future losses and future medical expenses.

Finally, the legislative scheme restricts the available sources of restitution in several ways. The Court has construed the term "parent" in § 3–829(a) to mean mother or father, and not to include other parties standing *in loco parentis*. *See, e.g., In re Ramont K.*, 305 Md. 482, 505 A.2d 507 (1986) (grandmother excluded); *In re Arnold M.*, 298 Md. 515, 471 A.2d 313 (1984) (State excluded). *See also* 59 Op.Att'y Gen. 356, 362 (1974) (foster parent excluded). The term "parent" "does not include the father or mother of a child where the child has been removed from their [sic]

care and custody by court order and is not residing in their [sic] home at the time of the incident for which recovery is sought." *In re: James D.*, 295 Md. at 316, 455 A.2d 966. Hence, neither the party with custody who is not the mother or father or a mother or father without custody will be required to pay restitution.

Even where the parent is liable, the court has discretion to deny a claim for restitution where the parent establishes an inability to pay. *See, e.g., In re Appeal No. 769*, 25 Md.App. 565, 580–81, 335 A.2d 204 (1975). It is also within the court's discretion whether to order the delinquent child, rather than his or her parent, to pay restitution. § 3–829(a). There is no such discretion available to a court in a civil tort proceeding where fault and damages have been established.

Finally, the statute does not create a civil cause of action for the victim on a theory of vicarious tort liability. The victim may not even bring suit under § 3–829; the State's Attorney determines whether to file the victim's petition for restitution. *Hart v. Bull*, 69 Md.App. 229, 516 A.2d 1043 (1986). The victim may seek recovery on his or her own initiative from a juvenile in a civil suit, *see Hart*, 69 Md. App. at 234, 516 A.2d 1043, but as the Court in *In re Arnold M.* suggested, "it [is] not realistic to believe that the juvenile would satisfy a judgment of restitution." *In re Arnold M.*, 298 Md. at 519, 471 A.2d 313 (quoting from the juvenile court).

Considering together all the restrictions incorporated into the legislative scheme for effectuating restitution to victims of a juvenile's delinquent acts, it is pellucid that the Legislature never intended to "make whole" the victim. If the Legislature wanted to provide for full recovery, it would not have placed a dollar limit on the restitution payment or a limit on the source of payment, nor would the Legislature have excluded compensation for those elements of damage ordinarily recoverable in an award for negligence or intentional tort. In the same vein, it would not have granted

discretion to the juvenile court to consider the ability to pay before ordering an award.

■ We do not believe the Legislature intended to turn the juvenile court with its special concerns and functions into a forum for damage suits. Accordingly, absent an express authorization from the Legislature, we decline to extend the phrase "amount of damage" in § 3–829(c)(1)(ii) to include recovery for the cost of a rental car where the victim's vehicle was damaged.

## IN RE APPEAL NO. 321

The State relies on our holding in *In re Appeal No. 321* to suggest that the phrase "amount of damage" should be interpreted to include special damages. There we held that a parent's liability under the restitution statute is not limited to the proportion of damage caused by that parent's child. *In re Appeal No. 321*, 24 Md.App. at 84, 329 A.2d 113. We reasoned that "[n]othwithstanding the right to such contribution the restitution so ordered should assure the injured of payment within the prescribed limit *in a manner comparable to the liability of a joint tort-feasor.*" *In re Appeal No. 321*, 24 Md.App. at 84, 329 A.2d 113 (emphasis added). Relying on the emphasized portion, the State suggests that general tort principles of recovery apply to the restitution statute. The issue before us in the case *sub judice* was not addressed in *In re Appeal No. 321* and thus the case is of no assistance to the State.

Moreover, in upholding the constitutionality of § 3–829, this Court on another occasion specifically noted that "[t]he vicarious liability imposed by the subject statute is quite limited." *In re Sorrell*, 20 Md.App. 179, 187, 315 A.2d 110, *cert. denied*, 271 Md. 740 (1974). Although the issue of special damages was not before us in *In re Sorrell*, we construed the statute as imposing only "limited strict vicarious liability both for property damage and for medical expenses stemming from personal injuries." 20 Md.App. at 186, 315 A.2d 110. Since liability under § 3–829 is so

limited, we conclude recovery for damage is restricted to actual physical property damage.

Section 3–829 is a unique statutory creature. The statute allows the victim recovery in certain situations for his or her losses from the juvenile's parent(s). This recovery would not otherwise be available under the common law in Maryland. A determination of restitution is also much more expedient under § 3–829 than would be recovery in a civil suit. *See* § 3–829(d). In exchange for these privileges, the statute is not a mirror of principles underlying damages in tort; it limits recovery in amount, substance and source. In conclusion, we hold that a restitution award under § 3–829(c)(1)(ii) can include recovery only for actual damage to the victim's property. Reimbursement for the cost of a rental car is not available under the statute.

JUDGMENT REVERSED.

COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.