[1] The defendant was named as John Anthony McKinney in the Court of Criminal Appeals.
The petition for a writ of certiorari is hereby denied. In denying the writ, we do not mean to be understood to be agreeing with the reasoning employed by the Court of Criminal Appeals in affirming the trial court's entry of a mistrial in the first jury trial in this action. In its opinion, the Court of Criminal Appeals held that a declaration of a mistrial in the first trial was necessary because the jury could not reach a unanimous verdict, and, therefore, it held that the petitioner had not been placed in former jeopardy by the first trial. McKinney v. State, 567 So.2d 870 (Ala.Crim.App. 1990). A careful review of the portion of the trial court record that appears in the Court of Criminal Appeals' opinion, however, reveals that the trial court declared a *Page 878 
mistrial in the first jury trial not because the jury was unable to reach a unanimous verdict, but because one of the jurors was not qualified to be a juror under Ala. Code 1975, § 12-16-60.
Section 12-16-60(a) states in pertinent part:
 "A prospective juror is qualified to serve on a jury if the juror is generally reputed to be honest and intelligent and is esteemed in the community for integrity, good character and sound judgment and also:
 "(1) Is a citizen of the United States, has been a resident of the county for more than 12 months and is over the age of 19 years;
 "(2) Is able to read, speak, understand and follow instructions given by a judge in the English language;
 "(3) Is capable by reason of physical and mental ability to render satisfactory jury service, and is not afflicted with any permanent disease or physical weakness whereby the juror is unfit to discharge the duties of a juror. . . ."
 "(4) Has not lost the right to vote by conviction for any offense involving moral turpitude."
(Emphasis added.)
The trial court's reasoning in declaring a mistrial is evident from a reading of the following portion of the record as set out in the Court of Criminal Appeals' opinion:
 "MR. SHARBROUGH: Your Honor, the defense would request that the jury be sent home and brought back in the morning before this case is declared a mistrial.
 "THE COURT: Well, if it were a cerebral problem, if it were a matter of figuring something out, that's one thing but where my conclusion is that one of the jurors simply has not absorbed anything — the Code of Alabama says that in order to serve a juror must be able to hear. That is, to be able to hear the evidence and must be able to comprehend the evidence. And from Ms. Smith's utter lack of response I'm afraid that those qualifications have not been met and that that problem simply didn't come to the attention of the judge who empaneled the entire jury venire on Monday and divided them up into panels. Accordingly, the State's motion for a mistrial is granted."
Manifest necessity must be demonstrated before a mistrial is granted over the objection of the defendant. Ala. Code 1975, § 12-16-233; Woods v. State, 367 So.2d 982 (Ala. 1978). The facts adduced in the Court of Criminal Appeals' opinion demonstrate a manifest necessity to declare a mistrial. SeeMcKinney v. State, supra.
Accordingly, the petition for a writ of certiorari is denied.
WRIT DENIED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.