TAYLOR, Presiding Judge.
The appellant, David William Owens, was convicted of kidnapping in the first degree, a violation of § 13A-6-43, Code of Alabama 1975. He was sentenced to life imprisonment in the state penitentiary.
The state’s evidence tended to show that on September 13,1994, the appellant abducted his 9-year-old niece, K.O. Terri Reach, the driver of the school bus on which K.O. rode, testified that the appellant was sitting on his parked motorcycle at KO.’s bus stop *32 on the afternoon of September 13 and that as K.O. was getting off the bus, she saw him motion to K.O. to get onto his motorcycle. K.O. testified that she refused his offer and went to her babysitter’s house. K.O. testified that later that afternoon, as she was riding her bicycle to the store the appellant rode up beside her on his motorcycle. She testified that he put his hand over her mouth and put her on his motorcycle. K.O. testified that the appellant drove them on his motorcycle to a secluded road in Mississippi. She testified that the appellant undressed, that he made her undress, and that he then sexually abused her. When they drove back to Alabama the next morning, the appellant was apprehended. Dr. Rafael Carbonell, a physician at the Bibb County Medical Center, testified that he examined K.O. and that her injuries were consistent with sexual abuse. The appellant raises two issues on appeal.
I
The appellant first contends that the trial court erred in denying his motion for a mistrial. J.O., the victim’s father, the appellant’s brother, and a witness in the case, was inadvertently impaneled as a juror. Apparently, neither the defense, the state, the court, nor J.O. himself realized that he was actually part of the jury venire, but thought that J.O. was present at the voir dire proceedings to help strike the jury. This oversight was not discovered until the names of the 12 jurors and one alternate were called to sit in the jury box and one juror was missing. That missing juror was J.O. The jury at this time had not yet been sworn and the actual trial had not commenced.
When this fact was brought to the trial court’s attention, the court questioned J.O. in chambers. J.O. stated that he did not realize that he was a juror and that he thought the summons he received was to appear as a witness in the case. In fact, shortly after the beginning of voir dire, the following question was asked of the potential jurors.
“MR. HENRY [Prosecutor]: The victim in this case is [K.O.] who is the niece of David Owens. And therefore, other relatives of his are involved from that perspective. Her father’s name is J.O. seated right here on the second row in the black shirt. Do any of y’all know J.O.?
“(No response.)”
J.O. told the court he did not respond to this question or to any others asked of the jurors because he did not believe that those questions were directed to him. He also stated that he had not discussed the case with any of the other jurors.
The court then questioned the remaining jurors about whether they had talked with anyone about the facts of the ease or overheard anything about it since they had been called for jury duty. When none of the jurors responded affirmatively, the remaining 12 jurors were sworn.
The appellant cites Ex parte McKinney, 567 So.2d 877 (Ala.1990), in support of his contention that a mistrial is necessary when one of the jurors is unqualified. However, unlike McKinney, where the juror’s lack of qualification was not discovered until deliberations were finished and a verdict had been reached, J.O.’s lack of qualification was discovered before the trial began and before the jury was impaneled. The remaining 12 jurors were questioned by the court to make sure they had not overheard anything J.O. may have said about the case. These remaining 12 jurors then heard the evidence presented at trial.
The general conduct in this case does not necessarily require the granting of a mistrial because there is no presumption of prejudice. “In order to be entitled to a mistrial due to contact by a juror with witnesses or others, prejudice must be shown.” Myers v. State, 677 So.2d 807, 810 (Ala.Cr.App.1995). No actual prejudice resulting from the mistake that occurred here has been demonstrated. The trial court did not err in denying the appellant’s motion for a mistrial.
II
The appellant also contends that the trial court erred by denying his motion to instruct the jury on the lesser included offense of reckless endangerment. “Generally, a trial court should instruct the jury on a lesser offense if there is a reasonable theory *33 from the evidence to support that lesser offense.” Jones v. State, 656 So.2d 414, 415 (Ala.Cr.App.1994). However, a review of the applicable statutory provisions reveals that kidnapping in the first degree and reckless endangerment have different statutory elements, so reckless endangerment is not a lesser included offense of kidnapping in the first degree.
“Section 13A-l-9(a)(l), Code of Alabama 1975, defines a ‘lesser included offense’ as one that ‘is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged.’ Further, ‘a lesser offense is necessarily included in the elements of the greater offense and therefore it would be impossible to commit a greater offense without committing the included offense.’ ”
Vinson v. State, 601 So.2d 196, 198 (Ala.Cr.App.1992), quoting C.P. v. State, 597 So.2d 246,247 (Ala.Cr.App.1992).
Reckless endangerment, § 13A-6-24, Code of Alabama 1975, requires that one engage in conduct “which creates a substantial risk of serious physical injury to another person.” In order to commit kidnapping in the first degree, it is not necessary that the perpetrator put one at risk of serious physical injury. See § 13A-6 — 43, Code of Alabama 1975. It is therefore possible to commit the greater offense of kidnapping in the first degree without committing reckless endangerment. The trial court did not err in refusing to give a jury charge on reckless endangerment when it was not a lesser included offense of kidnapping.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.