704 A.2d 443

In re **CHRISTOPHER R.**

No. 47, Sept. Term, 1997.

Court of Appeals of Maryland.

Jan. 15, 1998.

Joy L. Phillips, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Petitioner.

Kathryn Grill Graeff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for Respondent.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER, JJ., and ROBERT L. KARWACKI, J. (retired), Specially Assigned.

ROBERT L. KARWACKI, Judge (retired), Specially Assigned.

Between June 17, 1995 and August 1, 1995, the Petitioner, Christopher R., then 15 years old, broke into Middlesex Elementary School and stole one 1994 Macintosh computer, along with a 1994 Apple CD Rom internal drive and various upgrades and memory that had been purchased between 1992 and 1995. Christopher R. was charged in the Circuit Court for Baltimore County with being a delinquent child, and a complaint was filed against him and his parents, seeking restitution for the stolen equipment. At a hearing before the juvenile master of that court, after the juvenile was adjudged

to be a delinquent child, the parties agreed to an immediate disposition hearing. At disposition, the juvenile and his parents objected to the use of an itemized list prepared by an administrator of the school of the stolen equipment showing the date of purchase, purchase price and replacement cost of each of the stolen items. The reason for their objection was that the list did not reflect the fair market value of the stolen property as of the date of the theft. That objection was overruled, and the master recommended that restitution should be based upon the cost of the equipment which had to be purchased to replace the stolen property. The total replacement cost was $5,415.00. Accordingly, the master recommended restitution in the amount of $5,000, being the maximum amount permitted under the applicable statute. The juvenile and his parents excepted to the master's recommendation as to the amount of restitution.

Before the court, the State conceded that it had been error to use replacement cost as the basis for a restitution judgment but that the original purchase prices for the stolen property should be used instead. They totaled $5,049. The circuit court overruled the exceptions even though no evidence of fair market value of the stolen property had been produced, reasoning:

> "Purchase price was $5049. I have absolutely no way to know what rate of depreciation should be used for computers, so I think *I am bound by the, the purchase prices* in the various years that are listed. The oldest unit is from 1992 and the newest is from 1995.

> \* \* \*

> That, and those are the rules that I'm going to use to establish the amount for restitution. And I establish that amount as $5049 ... The limit is $5000, so the exceptions taken are overruled. I find that the Master appropriately ordered restitution in amount of $5,000."

The Court of Special Appeals affirmed that judgment in an unreported opinion. We issued a writ of certiorari on the petition of the juvenile and his parents.

At the time of the delinquent act from which the issue in the instant case arises, restitution in a juvenile court was governed by Maryland Code (1957, 1996 Repl.Vol.). Section 3–829 of the Courts and Judicial Proceedings Article. It provided in pertinent part:

"(a)(1) The court may enter a judgment of restitution against the parent of a child, the child, or both in any case in which the court finds a child has committed a delinquent act and during or as a result of the commission of that delinquent act has:

(i) Stolen, damaged, destroyed, converted, unlawfully obtained, or substantially decreased the value of the property of another;

\* \* \*

(c)(1) A judgment rendered under this section may not exceed:

(i) As to the property stolen, destroyed, converted, or unlawfully obtained, the lesser of the *fair market value* of the property or $5,000." (Emphasis added).[1]

\* \* \*

The terms of this statute unambiguously limited restitution for stolen property to the fair market value of that property or $5,000, whichever was less. In construing this enactment to determine and effectuate the legislative intention, we give the words of the statute their ordinary and natural meaning. At the same time we consider the goal or

---

1. This statute was amended, effective October 1, 1995, to increase the maximum amount of restitution permitted to $10,000. Chapter 8, § 1 of the Acts of 1995. This did not affect the case *sub judice* since the petitioner's delinquent act occurred between June 17 and August 1, 1995. It was recodified without substantive change at Md.Code (1957, 1996 Repl.Vol.) Art. 27, § 808. *See* Ch. 585, § 5 of the Acts of 1996.

purpose to be served by the statute and the evils or mischief the Legislature sought to remedy. "If the language of the statute is plain and clear and expresses a meaning consistent with the statute's apparent purpose, no further analysis is ordinarily required." *Gargliano v. State,* 334 Md. 428, 435, 639 A.2d 675, 678 (1994); *see also Dickerson v. State,* 324 Md. 163, 170-1, 596 A.2d 648, 651 (1991) and *Jones v. State,* 304 Md. 216, 220, 498 A.2d 622, 624 (1985).

In enacting the statute we now construe, the Legislature provided the precise method for calculating the amount of the award of restitution for stolen property. It limited the judgment that the juvenile court could enter for such restitution to "the lesser of the fair market value of the property or $5,000."

■ In choosing "fair market value" as the ceiling on awards of restitution for property damage or loss the General Assembly chose language which has a well settled meaning under Maryland law. *See, e.g., Marchant, et al. v. Mayor and City Council of Baltimore,* 146 Md. 513, 527, 126 A. 884, 889 (1924) (" ... market value is the price which a purchaser willing, but not compelled, to buy would pay, and which an owner willing, but not compelled, to sell would accept, for the property."). Moreover, the Court of Special Appeals has consistently held that the only amount of restitution which the statute authorizes is the fair market value of the stolen or destroyed property. *In re William George T.,* 89 Md.App. 762, 778, 599 A.2d 886, 894 (1992) (in assessing the amount of restitution under § 3–829 of the Courts and Judicial Proceedings Article for destruction of property "[w]e are aware that fair market value must be determined by the trial court."); *In re Trevor A.,* 55 Md.App. 491, 501, 462 A.2d 1245, 1250 (1983), *cert. dismissed,* 299 Md. 428, 474 A.2d 207 (1984) (Section 3–829 of the Courts & Judicial Proceedings Article "requires that the amount of restitution which is limited to $5000 shall be based on fair market value" of the property stolen or destroyed.). We also note the common knowledge that in the field of computer technology advances are constantly being

made so that used equipment depreciates in value over relatively short periods of time.

We therefore hold that the master erred when he recommended restitution for the stolen property based upon its replacement cost. The circuit court and the intermediate appellate court also erred when they based restitution on the purchase price of the stolen property rather than its fair market value at the time of the theft.

*JUDGMENT REVERSED; CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENT FOR RESTITUTION OF THE CIRCUIT COURT FOR BALTIMORE COUNTY. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY BALTIMORE COUNTY.*