720 A.2d 920

**In re LORNE S.**

**No. 1391, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Nov. 25, 1998.

674

Bradford C. Peabody, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Patricia Jessamy, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before HOLLANDER and SALMON, JJ., and PAUL E. ALPERT, Judge (retired), Specially Assigned.

PAUL E. ALPERT, Judge (retired), Specially Assigned.

Lorne S., the appellant, was charged with being a delinquent child by virtue of an act which, if committed by an adult, would constitute theft. He was fourteen years old at the time of the incident. At an adjudicatory hearing before Master Bradley O. Bailey, appellant admitted that he was involved in the incident. Master Bradley committed appellant to the Department of Juvenile Justice and ordered him to pay restitution in the sum of $100 to his mother, the victim of the incident. Appellant took exceptions to the findings of the master. The exceptions were heard in a *de novo* hearing in the Circuit Court for Baltimore City, Division for Juvenile Causes (David W. Young, J.). Judge Young overruled the exceptions. Appellant asks on appeal whether the Juvenile

Court erred in ordering him to pay restitution to his mother. This question, however, requires resolution of two issues:

I. Did the juvenile court err in holding that appellant's mother was a "victim" within the meaning of the restitution statute?

II. Did the juvenile court properly consider appellant's age and circumstances before ordering restitution?

We perceive no error and, accordingly, affirm the judgment of the juvenile court.

## FACTS

On April 7, 1997, appellant, who was fourteen years old, took a car belonging to his mother, Patricia Hogan, without permission. As a result of appellant's unauthorized use of the vehicle, the vehicle was involved in an accident causing $1,600 worth of damage to the vehicle. Ms. Hogan's insurance paid for most of the damage. Ms. Hogan, however, paid $100, the deductible amount on her insurance policy.

At the time of the incident, appellant was in the legal custody of the Department of Juvenile Justice, having been committed to that Department in September 1996. He had been returned to the physical custody of his mother at some point prior to the incident.

At an adjudicatory hearing before Master Bailey, appellant admitted that he had used his mother's car without permission. Ms. Hogan requested that appellant be required to pay restitution to her in the amount of her insurance deductible. Master Bailey ordered appellant committed to the Department of Juvenile Justice and ordered him to pay $100 restitution to his mother. The restitution was to be paid before appellant turned 21 years of age.

Appellant filed exceptions to the restitution order. A *de novo* hearing was held on July 14, 1997 in the Circuit Court for Baltimore City, Division for Juvenile Causes, before The Honorable David Young. At that hearing, counsel argued that restitution was inappropriate because appellant had been four-

teen years old at the time of the offense and because appellant had no assets. He stated that appellant had been committed to the Department of Juvenile Justice and that the plan of that Department was to place appellant in a long-term residential treatment program of uncertain duration.

Counsel further argued that because the restitution statute permitted an order of restitution be awarded against the parent of a juvenile found to have committed a delinquent act, and because the "liability [of the parent] arises as a consequence of the presumed neglect of parental responsibilities," it was inappropriate to require appellant to pay restitution to his mother.[1]

The State countered that appellant would be fifteen the next month and would be able to obtain a work permit. It contended that, because the Department of Juvenile Justice had legal custody of the child at the time of the incident, appellant's mother should not be considered a "parent" within the meaning of the restitution statute and that, in any event, regardless of a parent's responsibility, the child could always be held responsible.

Judge Young rejected defense counsel's argument that restitution was barred by appellant's current lack of assets and the possibility that appellant might be committed to the Department of Juvenile Justice for several years. He then took the matter under advisement.

On September 18, 1997, Judge Young denied appellant's exceptions to the Master's disposition. He stated that he had considered the arguments of counsel and the provisions of the Courts & Judicial Proceedings Article, § 3–829.[2] He rejected

---

1. Appellant also argued that restitution was improper because the situation was analogous to one involving parent/child immunity. He also argued that restitution was improper because he had been committed to the Department of Juvenile Justice. He asserted that, since the Department of Juvenile Justice could not be made to pay restitution, he should not be required to pay. He does not repeat those arguments in this appeal.

2. In fact, the applicable provision at the time of the offense and the hearing was Article 27, § 808, to which § 3–829 had been transferred

appellant's contention that his age and circumstances precluded imposition of restitution, stating:

... I believe way down in my soul, someone who is 14 years of age who is capable of stealing a car and doing damage ought to be held responsible and should be required, to the extent possible to make restitution.

There is some job that this Respondent can do, even if he does work around the house, to come up with $100.00 to make the victim, his mother, whole. The Court also believes that it's an important part of any rehabilitation effort in this case that the Respondent be required to pay that restitution.

Judge Young found nothing in the juvenile restitution statute that would bar appellant's mother from seeking restitution because she was the juvenile's parent, and he found nothing that would bar an order of restitution to be issued against a juvenile committed to the Department of Juvenile Justice.

Appellant now contends that, because appellant's mother was responsible for his actions, she should not be permitted to obtain restitution. Appellant also contends that the juvenile court failed to consider his age and circumstances in ordering him to pay $100 restitution.

## DISCUSSION

### I.

We first consider appellant's argument that a parent of a child who has committed a delinquent act is not entitled to restitution under this statute.

▬▬ The cardinal rule of statutory construction is to ascertain and carry out the legislative intent. *In re Roger S.*, 338 Md. 385, 389, 658 A.2d 696 (1995). In doing so, the Court

effective October 1, 1996. The provisions were substantially the same. Article 27, § 808 was combined with § 807 and rewritten, effective October 1, 1997. Current § 3–829 provides that "The court may enter a judgment of restitution against the parent of a child, the child, or both as provided under Article 27, § 807 of the Code."

gives the words of the statute their ordinary and natural meaning. *In re Christopher,* 348 Md. 408, 411, 704 A.2d 443 (1998). At the same time, we consider the goal or purpose to be served by the statute and the evils or mischief the legislature sought to remedy. *Id.* at 412, 704 A.2d 443. "If the language of the statute is plain and clear and expresses a meaning consistent with the statute's apparent purpose, no further analysis is ordinarily required." *Id.* at 412, 704 A.2d 443 (quoting *Gargliano v. State,* 334 Md. 428, 435, 639 A.2d 675 (1994)). In addition, we read the language of the statute in the context of the statutory scheme. *In re Roger S.,* 338 Md. at 390, 658 A.2d 696.

Maryland Code (1957, 1996 Repl.Vol.), Article 27, § 808, in effect at the time of appellant's offense, provides, in pertinent part:

### § 808. Liability for acts of child.

(a) In general.—(1) The juvenile court may enter a judgment of restitution against the parent of a child, the child, or both in any case in which the court finds a child has committed a delinquent act and during or as a result of the delinquent act has:

(i) Stolen, damaged, destroyed, converted, unlawfully obtained, or substantially decreased the value of the property of another . . .

\* \* \*

(2) The juvenile court may order the parent of a child, a child, or both to make restitution to:

(i) The victim . . . .

The term "victim," as it pertains to juvenile causes, is defined by the legislature in Courts & Judicial Proceedings Article (1995 Repl.Vol., 1996 Supp.), § 3–801(t)(1) as "a person who suffers direct or threatened emotional or financial harm as a result of a delinquent act."

Appellant's mother suffered a financial loss as a result of appellant's delinquent act. Accordingly, she fits the defini-

tion of "victim" set out by the legislature. She is, by the terms of the statute, eligible for restitution from appellant.

In addition, a consideration of the purpose of the restitution statute reinforces this construction. The legislature set forth the purposes of the Juvenile Causes subtitle in § 3–802(a) of the Courts and Judicial Proceedings Article. The primary purpose of the subtitle is stated to be the following:

> To provide for the care, protection, and wholesome mental and physical development of children coming within the provisions of this subtitle; and to provide for a program of treatment, training and rehabilitation consistent with the child's best interests and the protection of the public interest.

Restitution in a juvenile case furthers this purpose. As the Court of Appeals explained in *In re Herbert B.*, 303 Md. 419, 494 A.2d 680 (1985):

> In concert with this legislative purpose, restitution is rehabilitative in several important respects. For example, restitution impresses upon the child the gravity of harm he has inflicted upon another, and provides an opportunity for him to make amends. In addition, restitution makes the child accountable for his acts by leading him to realize the seriousness of such acts and to accept responsibility for them.

*Id.* at 427–28, 494 A.2d 680.

■ Appellant makes much of the fact that, under the statute, a parent may also be required to pay restitution. Citing *In re Zephrin D.*, 69 Md.App. 755, 761, 519 A.2d 806 (1986), he argues that "liability arises as a consequence of a presumed neglect of parental responsibilities." We have also explained, however, that, in permitting a court to assess restitution against a parent, "the legislature has expressed its preference that as between the victim, or the public, and the parents of a delinquent child, the parents should bear the expense caused by their child." *In re William George T.*, 89 Md.App. 762, 775, 599 A.2d 886 (1992). In the present case, there is no conflict between the interests of the parent and the

general public. Further, although one purpose of the statutory scheme may be to make parents liable for actions of their children, this goal is secondary to the purpose of rehabilitating the child.

Furthermore, although restitution does benefit the victim, the compensatory aspect of the restitution is subsidiary to the benefit to the juvenile. If restitution is otherwise appropriate, it would be irrational to deprive the juvenile of the rehabilitative effect of restitution simply because the victim is a parent.

In the present case, appellant's mother was the victim. Therefore, it was within the discretion of the juvenile court to order the appellant to pay restitution to her.

■ We hold, therefore, that a child whose delinquent act has caused a loss to his parent may be required to pay restitution to that parent.

## II.

Having determined that appellant could be required to pay restitution to his mother, we now consider whether the juvenile court properly considered appellant's age and circumstances in determining that the restitution should be paid.

■ Maryland law confers upon a juvenile court broad discretion to order restitution against a child, a parent, or both. *In re Don Mc,* 344 Md. 194, 201, 686 A.2d 269 (1996). The standard of review is whether the juvenile court abused its discretion in ordering restitution against appellant. *Id.* at 200–01, 686 A.2d 269. Before the juvenile court may order a child to pay restitution, however, the court must first consider the age and circumstances of the child. *Id.* at 202, 686 A.2d 269.

At the July 14th hearing, defense counsel argued that appellant would not be able to pay restitution because he had no assets and had been committed indefinitely to the Department of Juvenile Justice. As noted above, the juvenile court expressly rejected those arguments, indicating a belief that appellant might be able to pay restitution in the future. In his

September 18th opinion, the juvenile court expressly noted appellant's age and stated his belief that someone of that age with the ability to steal a car could earn the $100 he was ordered to pay his mother.

 We see no abuse of discretion in the court's determination that restitution in the amount of $100 was appropriate. There was no indication that appellant had any physical or mental infirmity that would prevent him from obtaining employment in the future. The terms of the restitution order provided appellant had until he reached the age of twenty-one to pay his mother. The amount of restitution was sufficiently limited so that appellant would be able to pay it with modest effort.

In sum, the juvenile court properly considered appellant's age and circumstances in ordering restitution.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**