24 A.3d 149

**Devin James CHAMPAGNE**

v.

**STATE of Maryland.**

No. 2424, Sept. Term, 2009.

Court of Special Appeals of Maryland.

July 7, 2011.

Amy E. Brennan (Paul B. DeWolfe, Public Defender, on the brief), Baltimore, MD, for appellant.

Diane E. Keller (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for appellee.

Panel: KRAUSER, C.J., GRAEFF, JAMES A. KENNEY, III (Retired, Specially Assigned), JJ.

KRAUSER, C.J.

Having been found guilty by a jury sitting in the Circuit Court for Howard County of theft of property, specifically, a laptop computer, with a value of $500 or more, appellant, Devin James Champagne, claims that the evidence did not support a finding that the value of the stolen laptop computer was $500 or more at the time it was stolen. We agree and therefore vacate the judgment of the circuit court and, for the reasons set forth below, direct that a verdict of guilty of theft of property worth less than $500 be entered and that appellant then be sentenced on that conviction.

## FACTS

On August 23, 2008, John Englehart, Sr., reported a burglary at his home in Columbia, Maryland. Among the items he reported stolen was a Dell Inspiron laptop computer. After the laptop was recovered from appellant's home, he was charged with first- and fourth-degree burglary and theft of property (the laptop) with a value of $500 or more.

The only evidence of the laptop's value was the testimony of Englehart, who, at trial, testified as follows:

[Prosecutor]: What was the approximate value of that laptop computer?

[Englehart]: I think I bought it originally for probably about—with all the—the loaded software and all on it for about sixteen, eighteen hundred dollars.

[Prosecutor]: When had you—or how old was it, if you know?

[Englehart]: About—about three years.

[Prosecutor]: About three years old?

[Englehart]: Mmm-hmm.

When the jury returned a guilty verdict on the count alleging theft of property with a value of $500 or more but was unable to reach a verdict on either the first- or fourth-degree burglary counts, the State entered a nolle prosequi as to each of those counts. Appellant was thereafter sentenced to a term of ten years' imprisonment, to run consecutively to a sentence he was currently serving for violating his probation in an unrelated case.

## DISCUSSION

■ Because appellant concedes that the evidence was sufficient for the jury to convict him of the theft of the computer, the sole issue, on appeal, is whether the evidence was sufficient for the jury to conclude that the value of the laptop at the time of the theft was $500 or more.[1] Appellant claims

---

1. Although there was testimony that other items were stolen from Mr. Englehart's home, there was no evidence as to the value of those items.

that, although the jury heard evidence as to what Englehart paid for the computer three years before it was stolen, "there was no effort to determine the fair market value of the three-year-old computer, nor was there any effort to show what Mr. Englehart would have had to pay to replace his three-year-old computer" at the time of trial. Consequently, the evidence was not sufficient, insists appellant, to establish that the computer was worth $500 or more at the time of the theft. The State contends otherwise, asserting that the jury was "free to make a fair inference of market value based on evidence regarding the original purchase price."

Under Maryland's consolidated theft statute that was in effect at the time of the theft at issue, felony theft, as opposed to misdemeanor theft, was a theft of property or services with a value of $500 or more. Md.Code (2002), § 7–104(g) of the Criminal Law Article.[2] "Value" was (and still is) defined in section 7–103 of the Criminal Law Article, as "the market value of the property or service at the time and place of the crime" or, "if the market value cannot satisfactorily be ascertained, the cost of the replacement of the property or service within a reasonable time after the crime."

To determine whether the evidence was sufficient, we must decide "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Smith,* 374 Md. 527, 533, 823 A.2d 664 (2003) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)) (additional citations omitted). In making that decision, we "give great deference to the trier of facts' opportunity to assess the credibility of witnesses, weigh the evidence, and resolve conflicts in the evidence." *Pinkney v. State,* 151 Md.App. 311, 329, 827 A.2d 124 (2003).

---

**2.** The monetary threshold for felony theft has since been raised to $1,000. Md.Code (2002, 2010 Supp.), § 7–104(g) of the Criminal Law Article.

The present market value of stolen property may be proven by direct or circumstantial evidence and any reasonable inferences drawn therefrom. *Wallace v. State*, 63 Md. App. 399, 410, 492 A.2d 970 (1985) ("[T]he test for the value of stolen goods is market value, but proof of market value 'may be indirect as well as direct.'" (quoting *Vucci v. State*, 13 Md.App. 694, 701, 284 A.2d 646 (1971))) (citations omitted). Moreover, a property owner's testimony regarding the original purchase price is "circumstantially relevant to the present market value" of that property. *Id.* at 410–11, 492 A.2d 970. Thus, Englehart's testimony as to the original purchase price was relevant to the determination of the market value at the time of the theft.

It does not follow, however, that his testimony, alone, was sufficient to establish that the value of the three-year-old computer was, in fact, over $500 at the time of the theft. It is "common knowledge," the Court of Appeals has observed, "that in the field of computer technology advances are constantly being made so that used equipment depreciates in value over relatively short periods of time." *In re Christopher R.*, 348 Md. 408, 412–13, 704 A.2d 443 (1998).

Nor is Maryland alone in acknowledging the difficulties in assessing the value of computer equipment at the time of theft because of the rapid decline in the value of such equipment. Florida's Fourth District Court of Appeal recently observed that "[e]lectrical components" such as "computers ... are subject to accelerated obsolescence because manufacturers are constantly releasing new, improved technology at lower prices." *Lucky v. State*, 25 So.3d 691, 692 (Fla. 4th Dist.Ct. App.2010). "For this reason," it concluded, the "purchase price alone is generally insufficient to establish the value of such property in theft cases." *Id.* (citations omitted).

No less significant, for our purposes, is an earlier observation by another Florida District Court of Appeal, the Fifth District, that "computer equipment can become obsolete very quickly" and that, consequently, "testimony as to the manner in which the items had been used, its general condition and

quality, or its depreciation percentage" was warranted. *Doane v. State*, 847 So.2d 1015, 1018 (Fla. 5th Dist.Ct.App. 2003). No such testimony was presented here, and, like the Florida appellate courts, we believe that its absence left the claimed value of the equipment at issue, namely $500 or more, unsupported by the evidence.

We, therefore, conclude that Englehart's testimony as to the price he paid for his computer three years earlier was insufficient to establish that its value was $500 or more at the time it was stolen. In so holding, we acknowledge that there are cases, of course, where the value of a stolen item is so obvious or so clearly within the common knowledge and experience of the jury, *see, e.g., Angulo–Gil v. State*, 198 Md.App. 124, 153, 16 A.3d 283 (2011) ("[W]e are convinced that a jury reasonably may conclude that, in April 2007, a one year-old operable Ford Focus was worth more than $500."), or where the item stolen is manifestly not subject to rapid depreciation or obsolescence, *see, e.g., State v. Spikes*, 111 Conn.App. 543, 961 A.2d 426, 433 (2008) ("Unlike the situation with electronic equipment, which is generally subject to prompt depreciation, we have recognized that jewelry may appreciate in value."); *Williams v. United States*, 805 A.2d 919, 928 (D.C.2002) ("Unlike the electrical goods, ... [the] jewelry was not subject to 'prompt depreciation or obsolescence.' ") (citation omitted); *People v. Womble*, 111 A.D.2d 283, 489 N.Y.S.2d 521 (N.Y.App.Div.1985) (noting that jewelry is the "sort [of property] not 'subject to prompt depreciation or obsolescence' ") (citation omitted); *Commonwealth v. Parsons*, 233 Pa.Super. 419, 335 A.2d 800, 805 n. 5 (1975) ("[J]ewelry is one of the few types of goods that does not usually depreciate in value with use and age."), that such evidence is unnecessary. But that, as we have pointed out, is not the case here.

 Although we conclude that the evidence was not sufficient to establish that the value of the laptop computer was $500 or more at the time of the theft, there is, as appellant acknowledges, no need for a new trial as to whether appellant was guilty of theft of property worth less than $500.

Theft of property worth less than $500 is a lesser included offense of theft of property worth $500 or more, *see Hagans v. State,* 316 Md. 429, 438, 559 A.2d 792 (1989), and, because "a conviction for a greater offense constitutes a finding of guilt for all lesser included offenses," *Smith v. State,* 412 Md. 150, 165, 985 A.2d 1204 (2009) (citing *Brooks v. State,* 314 Md. 585, 601, 552 A.2d 872 (1989)), he was, in fact, convicted of that offense. Consequently, as appellant requests, we direct that the judgment in the circuit court be vacated, that a verdict of guilty of the lesser included offense of theft of property worth less than $500 be entered, and that appellant be sentenced on that conviction.

**JUDGMENT VACATED. CASE REMANDED TO THE CIRCUIT COURT FOR HOWARD COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS IN THIS COURT TO BE PAID BY HOWARD COUNTY.**