WINDOM, Presiding Judge,
dissenting.
I disagree with the majority’s conclusion that Shelly is eligible to be classified as a “Class I Prisoner” under § 14-9-41 (e), Ala.Code 1975. Specifically, I believe that Shelly’s conviction for manslaughter, see § 13A-6-3, Ala.Code 1975, bars him from being eligible to receive Class I incentive-time deduction (hereinafter “good-time credit”) under § 14-9-41(e), Ala.Code 1975. Therefore, I respectfully dissent.
Initially, I note that:
“ ‘The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). In this ascertainment, we must look to the entire Act instead of isolated phrases or clauses; Opinion of the Justices, 264 Ala. 176, 85 So.2d 391 (1956).’
“Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378, 1380 (Ala.1979) (emphasis added). To discern the legislative intent, the Court must first look to the language of the statute. If, giving the statutory language its plain and ordinary meaning, we conclude that the language is unambiguous, there is no room for judicial construction. Ex parte Waddail, 827 So.2d 789, 794 (Ala.2001). If a literal construction would produce an absurd and unjust result that is clearly inconsistent with the purpose and policy of the statute, such a construction is to be avoided. Ex parte Meeks, 682 So.2d 423 (Ala.1996).”
City of Bessemer v. McClain, 957 So.2d 1061, 1074-75 (Ala.2006) (emphasis added).
*1154 Section 14-9-41(e), Ala.Code 1975, provides, in pertinent part,
“No person may be placed in Class I if he or she has been convicted of an assault where the victims of such assault suffered the permanent loss or use or permanent partial loss or use of any bodily organ or appendage. No person may be placed in Class I if he or she has been convicted of a crime involving the perpetration of sexual abuse upon the person of a child under the age of 17 years.”
(Emphasis added.)
Shelly argues, and the majority agrees, the he is not prohibited from being placed in Class I because he was convicted of manslaughter, see § 13A-6-3, Ala.Code 1975, as opposed to assault, see § 13A-6-22, Ala.Code 1975. For the reasons that follow, I disagree.
In Hasty v. State, 615 So.2d 1323 (Ala.Crim.App.1993), this Court reviewed and rejected an argument substantially similar to Shelly's position. Specifically, this Court held:
“The appellant contends that because he was convicted of rape in the second degree and not the offense of sexual abuse as defined by §§ 13A-6-66 through 67, Code of Alabama 1975, he should not be denied Class I benefits. Clearly, the legislature was using the generic term ‘sexual abuse’ and did not intend to deny Class I benefits only to those offenders convicted of the offenses of sexual abuse in the first and second degree while awarding Class I benefits to those offenders convicted of the more serious offenses of rape and sodomy. Obviously, the legislature’s use of the words ‘perpetration of sexual abuse’ was intended to include any sexual offense committed against a person under 17 years of age. Thus, there is no merit to the appellant’s argument and the denial of his petition is affirmed.”
Id. at 1323.
Like the Court in Hasty, I believe that the legislature used the generic term “assault.” Thus, the legislature intended that all inmates convicted of a crime in which they recklessly or intentionally caused physical injury to another person, see § 13A-6-22(a)(l), Ala.Code 1975,[2] that results in “permanent loss or use or permanent partial loss or use of any bodily organ or appendage,” § 14-9-41(e), Ala.Code 1975, are prohibited from receiving Class I good-time credit regardless of the title of the conviction. Accordingly, an inmate, like Shelly, who has been convicted of manslaughter and therefore he recklessly or intentionally caused an injury that resulted in the victim’s death (the permanent loss of all bodily organs), see § 13A-6-3, Ala.Code 1975,[3] is prohibited under § 14-9-41(e), Ala.Code 1975, from receiving Class I good-time credit.
*1155 The conclusion that the legislature intended for § 14-9-41(e), Ala.Code 1975, to prohibit inmates convicted of manslaughter from receiving Class I good-time credit is buttressed by the fact that assault is a lesser-included offense of manslaughter. See Coleman v. State, 344 So.2d 1249, 1250 (Ala.Crim.App.1977); Beason v. State, 5 Ala.App. 103, 105, 59 So. 712, 712 (1912). That is, assault, which requires evidence that the defendant recklessly or intentionally caused an injury to a person, § 13A-6-22, Ala.Code 1975, “is established by proof of the same or fewer than all the facts required to establish the commission of [manslaughter],” § 13A-l-9(a)(l), Ala. Code 1975, a crime in which the defendant recklessly or intentionally caused death. See Chapman v. Railway Fuel Co., 212 Ala. 106, 108, 101 So. 879, 880 (1924) (recognizing that death is an injury); Kemner v. Hemphill, 199 F.Supp.2d 1264, 1270 (N.D.Fla.2002) (“There can be no quarrel with the proposition that death is physical injury.”). Accordingly, “it would be impossible to commit [manslaughter] without committing [assault].” C.P. v. State, 597 So.2d 246, 247 (Ala.Crim.App.1992). See also Owens v. State, 683 So.2d 31, 33 (Ala.Crim.App.1996) (holding that “ ‘ “a lesser offense is necessarily included in the elements of the greater offense and therefore it would be impossible to commit a greater offense without committing the included offense” ’ ” (quoting Vinson v. State, 601 So.2d 196, 198 (Ala.Crim.App.1992), quoting in turn C.P., 597 So.2d at 247)). For that reason, upon a conviction for manslaughter, the lesser-included offense of assault merges with the greater offense of manslaughter and becomes one conviction. Ex parte Beverly, 497 So.2d 519, 524 (Ala.1986) (recognizing that “although a single act may constitute separate offenses, only one prosecution may be sustained, for the reason that the lesser offense is merged into the greater”); Black’s Law Dictionary 1078 (2009) (defining “merger” as “the absorption of a lesser included offense into a more serious offense ...”); Champagne v. State, 199 Md.App. 671, 678, 24 A.3d 149, 153 (Md.App.2011) (recognizing “‘a conviction for a greater offense constitutes a finding of guilt for all lesser included offenses’”; therefore, an appellate court may, upon reversing the conviction for the greater offense, remand a cause to the trial court with instructions for it to enter a guilty verdict for the lesser offense (quoting Smith v. State, 412 Md. 150, 165, 985 A.2d 1204 (2009), citing in turn Brooks v. State, 314 Md. 585, 601, 552 A.2d 872 (1989))). Accordingly, an inmate who has been convicted of manslaughter has committed an assault resulting in the victim’s death.
To interpret the term “assault” literally and exclude manslaughter from § 14-9-41(e), Ala.Code 1975, leads “to [the] absurd and unjust result” of prohibiting Class I good-time credit for inmates convicted of an assault that resulted in serious injury but allowing that same credit for inmates convicted of an assault that resulted in death, i.e., manslaughter. McClain, 957 So.2d at 1075. See C.P., 597 So.2d at 247 (“[I]t would be impossible to commit [manslaughter] without committing [assault].”). Such a “literal construction” of § 14-9-41(e), Ala.Code 1975, produces a result “that is clearly inconsistent with the purpose and policy of the statute,” McClain, 957 So.2d at 1075, “of preventing the early release of serious offenders.” Thornton v. Hunt, 852 F.2d 526, 527 (11th Cir.1988). See also Hasty, 615 So.2d at 1323 (recognizing that the legislature “did not intend to deny Class I benefits only to those offenders convicted of the offenses of sexual abuse in the first and second degree while awarding Class I benefits to those offenders convicted of the more serious offenses of rape and sodomy”). Because I *1156 do not believe that the legislature intended to punish inmates convicted of the lesser offense of assault while rewarding the greater offense of manslaughter, I would, consistent with Hasty, hold that the terms contained in § 14-9-41(e), Ala.Code 1975, were used generically; therefore, inmates who have been convicted of manslaughter — an assault resulting in death — are prohibited from receiving Class I good-time credit. Accordingly, I respectfully dissent.

. Section 13A-6-22(a)(l)-(2), Ala.Code 1975, provides:
"A person commits the crime of assault in the third degree if:
"(1) With intent to cause physical injury to another person, he causes physical injury to any person; or
"(2) He recklessly causes physical injury to another person[J"

. Section 13A-6-3(a), Ala.Code 1975, provides:
"(a) A person commits the crime of manslaughter if:
"(1) He recklessly causes the death of another person, or
"(2) He causes the death of another person under circumstances that would constitute murder under Section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself."