Filed 2/18/16  P. v. Patterson CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DENZEL ALDEN PATTERSON,<br><br>    Defendant and Appellant. | A144834<br><br>(Contra Costa County<br>Super. Ct. No. 51417435) |

Following a jury trial, defendant Denzel Alden Patterson was convicted of felony grand theft (Pen. Code, § 487[1]) and felony burglary (§ 459) based on an incident in which he grabbed a laptop computer from a Starbucks customer and ran out of the store.

On appeal, defendant contends there was insufficient evidence that the property taken had a value exceeding $950.  As a result, he argues, first, his conviction of felony grand theft must be reduced to misdemeanor petty theft and, second, his felony burglary conviction must be reversed because it cannot be reduced to misdemeanor shoplifting. Defendant also challenges the trial court's imposition of fees for probation services (§ 1203.1b) and legal assistance (§ 987.8).  The Attorney General concedes the court improperly ordered payment of these fees without a determination of defendant's ability to pay.

We conclude the evidence was sufficient to establish the value of the stolen laptop was more than $950.  We reverse the order imposing fees for probation services and legal

---

[1] Further statutory references are to the Penal Code unless otherwise noted.

1

assistance and remand for a determination of ability to pay. We otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Around 7:30 p.m. on October 25, 2012, defendant walked into a Starbucks in San Pablo. He asked for the code to the restroom, walked to the back of the store, and then turned around and left without using the restroom. Starbucks customer Kristina Koné was sitting near the front door using her laptop computer, which was on her lap. A few minutes later, defendant returned to the Starbucks, grabbed Koné's laptop, and ran out of the store. A Starbucks supervisor identified defendant because she recognized him as a former high school classmate.

In May 2013, defendant was charged with two felony offenses: grand theft person (§ 487, subd. (c); count 1), and second degree commercial burglary (§§ 459, 460, subd. (b); count 2).

In November 2014, the voter-passed initiative, Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47), went into effect. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 889.) Among other things, Proposition 47 added sections 490.2 and 459.5, which reduce certain theft offenses to misdemeanors when the value of the property taken is $950 or less.[2] (See *id.* at p. 890.)

_____

[2] Section 490.2, subdivision (a), makes "obtaining any property by theft" where the value of the property taken does not exceed $950, petty theft and a misdemeanor, except for certain ineligible defendants. Section 459.5, subdivision (a), defines shoplifting as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed" $950, and classifies the offense a misdemeanor.

After Proposition 47 went into effect, defendant moved to reduce both counts to misdemeanors on the ground there was no evidence regarding the value of the property taken. At an evidentiary hearing on the issue, the prosecution presented an officer's testimony that the victim told him she paid $1,350 for the computer. Defense counsel argued evidence of the purchase price was insufficient because "computers depreciate considerably over the course of their lifetime." Defendant's motion was denied. The court reasoned the purchase price was "a meaningful indicator of value, and I think

2

A jury trial began in March 2015. Koné testified her laptop was "a Mac Air." It cost about $1,300, and she bought it about seven months before it was stolen. The prosecution also presented evidence of other incidents of theft involving defendant to show common design or plan, knowledge, and intent pursuant to Evidence Code section 1101, subdivision (b).[3]

Before the jury heard closing arguments, defendant moved to dismiss count 2 pursuant to section 1118.1 on the ground there was insufficient evidence the stolen laptop had a value over $950. Defense counsel pointed out that Koné testified about the purchase price, not the value of the laptop at the time of the theft. The court denied the motion, reasoning the amount paid for the laptop was circumstantial evidence of its value at the time of the theft. The court observed it was for the jury to decide value, and the parties were free to argue the laptop would lose value over time: "Either side can say, You all know that the things depreciate at this rate or that rate or whatever." (Neither party, however, mentioned depreciation during closing arguments.)

Defendant was found guilty of both counts. In connection with count 2, the jury made a special finding that the property taken from Koné had a value of more than $950.

The trial court imposed the midterm of two years on count 1 (grand theft) and another two years on count 2 (burglary), with the second sentence stayed pursuant to section 654. Defendant was ordered to pay various fines and fees.

---

sufficient for purposes of preliminary examination" to show the laptop had a value over $950.

[3] The evidence showed that in 2012, a laptop computer was snatched from a Starbucks in Hercules; the thief was apprehended immediately and found in the company of defendant. There was also evidence that defendant stole merchandise from retail stores on two occasions.

## DISCUSSION

**A.** *Sufficiency of the Evidence*

Defendant contends the prosecution evidence was insufficient as a matter of law to prove the stolen laptop computer had a value in excess of $950.[4] We disagree.

When a defendant challenges the sufficiency of the evidence to support a criminal conviction, "we review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. . . . A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) "[W]e 'must accept logical inferences that the jury might have drawn from the circumstantial evidence. [Citation.]' . . . '[I]t is the jury, not the appellate court that must be convinced of the defendant's guilt beyond a reasonable doubt.' " (*Id.* at pp. 357–358.)

The standard for determining the value of stolen property is its "reasonable and fair market value." (§ 484, subd. (a); *People v. Cook* (1965) 233 Cal.App.2d 435, 438.) Fair market value has been defined as "the highest price obtainable from a willing buyer by a willing seller, neither of whom is forced to act." (*People v. Pena* (1977) 68 Cal.App.3d 100, 104.) The price charged by a retail store is sufficient to establish the value of merchandise stolen from that store. (*People v. Brown* (1982) 138 Cal.App.3d 832, 835.)

---

[4] We note that the Attorney General does not dispute each of the two charged felony offenses required the prosecution to prove that the property taken or intended to be taken had a value greater than $950.

The owner of stolen property is a competent witness to testify as to its value. (*People v. More* (1935) 10 Cal.App.2d 144, 145.) "The weight to be given the owner's testimony as to value is for the trier of the fact." (*People v. Henderson* (1965) 238 Cal.App.2d 566, 567.) Expert testimony on value is not required. For example, in *People v. Henderson*, the only evidence of value was the owner's testimony that a stolen watch was worth $1,800 and a stolen ring, $1,200; he had purchased the items from jewelers for these amounts. At trial, the "[d]efendant did not cross-examine as to value, offered no evidence regarding it, and never suggested a lesser valuation." (*Id*. at p. 566.) The Court of Appeal rejected the defendant's contention that evidence of value could be given only by one who had expertise, and affirmed the grand theft conviction where the offense required proof that the property taken had a value of more than $200. (*Ibid*.)

Jurors are permitted to draw inferences based on their general knowledge, experience, and common sense. (See, e.g., *People v. Marshall (*1990) 50 Cal.3d 907, 950 ["Jurors bring to their deliberations knowledge and beliefs about general matters of . . . fact that find their source in everyday life and experience."]; *People v. Vigil* (2011) 191 Cal.App.4th 1474, 1487 [jurors could apply "their own common sense and life experience" to witness testimony].) Specifically, jurors may rely on their common knowledge regarding the value of consumer goods. (*People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1365-1366.)[5]

Here, Koné paid $1,300 for her "Mac Air" laptop computer seven months before it was stolen from her lap. She testified she "was watching something on the laptop" when it was snatched away, evidence from which the jury could infer the laptop was in working order at the time of the theft. The prosecutor argued in closing that the laptop was "worth

---

[5] In *People v. Ortiz*, the court concluded a jury could reasonably find the defendants carjacked a 2007 530i BMW with the intent to hold or sell it in partial payment of a drug debt of $70,000 to $100,000. (208 Cal.App.4th at pp. 1365–1366.) Rejecting the defendants' argument that this would be "mere speculation" because the prosecution presented no evidence regarding the current market value of the car, the court recognized "the jurors could rely on their common knowledge that late-model BMW's have a substantial market value." (*Id*. at p. 1366.)

at the time $1,300. She bought it seven months earlier. It was a Mac laptop." Defense counsel did not cross-examine on the value of the laptop and made no argument at all about it; she argued only that the eyewitness testimony was unreliable. The jury was correctly instructed that the "fair market value" of property is the highest price the property would have reasonably sold for in the open market at the time and location. (*People v. Pena*, *supra*, 68 Cal.App.3d at p. 104.) Viewing the evidence in the light most favorable to the prosecution, we believe reasonable jurors—applying their experience and general knowledge of common consumer electronic goods and taking into account depreciation in value over time—could infer that Koné's Mac laptop computer would not depreciate to such an extent that it would be worth only $950 or less seven months after it was purchased for $1,300. In other words, a jury reasonably could determine Koné's laptop had a value of more than $950 at the time it was stolen.

In support of his claim of insufficient evidence, defendant argues, "It is common knowledge that electronic equipment, including specifically computers, rapidly decline in value following purchase." But the general proposition that electronic equipment tends to lose value over time does not mean the evidence in this case was insufficient to support the jury's finding. As the Attorney General notes, the jury did not find the laptop was still worth the purchase price of $1,300 seven months later; it merely found the laptop had a value of more than $950. The inference that Koné's laptop would *not* lose over 26 percent of its value in seven months is within the bounds of reason.

The out-of-state authority cited by defendant does not change our analysis. The cases are either distinguishable or unpersuasive. In *Champagne v. State* (Md.Ct.Spec.App. 2011) 199 Md.App. 671 [24 A.3d 149], the court concluded that evidence the owner paid $1,600 or $1,800 for a Dell laptop computer three years before it was stolen was insufficient to establish the laptop was worth $500 at the time of the theft. (24 A.3d at pp. 151–152.) Quoting another Maryland case, the court noted it was common knowledge " 'in the field of computer technology advances are constantly being made so that used equipment depreciates in value over relatively short periods of time.' " (*Id*. at p. 152.) Three years, of course, is much longer than seven months. Even taking

6

into account that computers depreciate over relatively short periods of time, a reasonable jury could infer Koné's laptop would *not* lose over 26 percent of its value in seven months. In *State v. Gartner* (2002) 263 Neb. 153 [638 N.W.2d 849], the court concluded there was insufficient evidence to support the jury's finding that a fax machine purchased for $525 was still worth $525 when it was stolen about seven months later. (638 N.W.2d at p. 861.) The court based its conclusion in part on the fact that the jury's value finding was "only marginally greater than the statutory threshold" of $500. (*Id*. at pp. 860–861.) In contrast, the difference between the purchase price of Koné's laptop computer and the statutory threshold of $950 is a much greater amount and a much larger percentage of the value of the stolen property. Even if it would be unreasonable to infer a fax machine would retain at least 95 percent of its value after seven months, it is not unreasonable to infer a Mac laptop would retain more than 73 percent of its value in the same amount of time. *State v. Lyman* (Utah Ct.App. 1998) 966 P.2d 278 involved stolen surveillance equipment, including a seven-year-old VCR and other items that had been purchased eight months before the theft. The court held that evidence the equipment originally cost $1,257.53 was insufficient to prove it had a value of $1000 or more when it was stolen. Suffice it to say seven years is much longer than seven months. These cases are all distinguishable on the facts.

The remaining Florida cases cited by defendant are unpersuasive. In *Smith v. State* (Fla.Dist.Ct.App. 2007) 955 So.2d 1227 (*Smith*), a Florida appellate court held the owner's testimony that he paid $1,200 for a Dell laptop computer about six months before it was stolen was insufficient to establish the value of the computer at the time of the theft was $300 or greater. (*Id*. at pp. 1228–1229.) The state argued, " 'given the fact that the computer was still in working condition and only about six months old, the jury could use their common sense and determine that its value was in excess of $300.00.' " (*Id*. at p. 1229.) The court rejected this argument, concluding "no competent evidence was offered to prove the stolen property's value at the time of the crime." (*Ibid*.) Similarly, in *Lucky v. State* (Fla.Dist.Ct.App. 2010) 25 So.3d 691 (*Lucky*), the court held evidence that the owner bought a flat screen television for $1,400 six months before it

7

was stolen was insufficient to establish the stolen television had a value of $300 or greater. (*Id.* at pp. 691, 693.) The court observed, "Electrical components like televisions, computers, and stereo systems are subject to accelerated obsolescence because manufacturers are constantly releasing new, improved technology at lower prices. For this reason, purchase price alone is generally insufficient to establish the value of such property in theft cases." (*Id.* at p. 692.)

The Florida courts in *Smith* and *Lucky* appear to apply a bright-line rule that the purchase price of a consumer electronic good can never be sufficient to establish its value at a later time, even when the purchase price far exceeds the statutory threshold value, and the theft occurs within a few months of purchase. We decline to adopt such a categorical rule. Indeed, defendant himself does not advocate for such a rule. In his reply, defendant asserts, "There would have been sufficient evidence the laptop computer had a value in excess of $950 *if the theft had occurred within weeks or a month after its purchase*." (Italics added.) Thus, even defendant agrees the purchase price of Koné's laptop computer may be sufficient to establish its value at a later time. Defendant simply believes the evidence that the Mac laptop was bought for $1,300 would be sufficient to establish it was worth more than $950 one month after the purchase, but is insufficient to establish it was worth more than $950 seven months after the purchase. We disagree. The question is whether "*any* rational trier of fact" could find that the laptop had a value over $950 at the time of the theft. (*People v. Zamudio*, *supra*, 43 Cal.4th at p. 357.) As we have discussed, a rational trier of fact could make this finding.

In summary, we reject defendant's contention the evidence presented was insufficient to support the jury's finding the stolen laptop computer had a value exceeding $950. Accordingly, defendant is not entitled to a reduction of his conviction of felony grand theft to misdemeanor petty theft.

Defendant also argues his burglary conviction must be set aside and cannot be reduced to shoplifting. This argument fails because it is based on the rejected premise that there was insufficient evidence of the value of the laptop.

**B.**     *Fees*

At sentencing, the trial court imposed various fines and fees.  The court then stated, "There are two additional fees that the Court is *referring to the . . . court collections department for determination of ability to pay*, but imposing the $176 probation report fee and the $500 trial attorney fee."  (Italics added.)  The "probation report fee" refers to the fee authorized by section 1203.1b for costs associated with probation services, and the "trial attorney fee" refers to the fee authorized by section 987.8 for the cost of providing legal assistance.

Defense counsel objected to imposition of the fees and specifically objected to the fee imposed under section 987.8 "based on Mr. Patterson's inability to pay."  The court responded it would "leave to collections to make that determination."[6]  Defense counsel stated, "I don't think that the ability to pay determination is one that should appropriately be delegated, but understand the Court's ruling."

Defendant contends the order to pay the probation report fee and attorney fee must be reversed because the trial court failed to make the required finding regarding defendant's ability to pay the fees and because the court improperly delegated the determination to the Clerk's Office.  The Attorney General concedes the order was improperly made.  We will reverse the order to pay these fees and remand for a determination of ability to pay.

### Section 1203.1b

By statute, a defendant may be required to pay "all or a portion of the reasonable cost of any probation [services]," including the costs of preparing a presentence report. (§ 1203.1b, subd. (a).)  Before the fee is imposed, however, the probation officer or his or

---

[6] Likewise, the minute order reflects the court denied defendant's motion to waive attorney and probation report fees due to inability to pay and "refers to the Court Compliance Unit regarding ability to pay."  However, the felony order of probation states that defendant is ordered to pay $176 for the probation report and $500 for "[a]ttorney fees," but does *not* indicate the fee order is conditioned on a finding of ability to pay. Adding to the uncertainty in the record, the trial court also stated, "I'm making my finding without prejudice."

her authorized representative must "make a determination of the ability of the defendant to pay." (*Ibid.*) Section 1203.1b also requires the defendant be advised of his or her right to a hearing before the court on the issue of ability to pay, although the defendant may waive the right to a court hearing. (*Ibid.*) When there is no waiver, "[t]he court shall order the defendant to pay the reasonable costs *if it determines that the defendant has the ability to pay those costs . . . .*" (*Id.*, subd. (b), italics added.)

In the matter before us, the record does not show the probation officer either made a determination of defendant's ability to pay the probation report costs or informed defendant of his right to a hearing on the issue. Clearly, defendant did not waive his right to a determination by the court of his ability to pay, as defense counsel raised the issue of defendant's inability to pay at the sentencing hearing and objected to the court delegating the determination. The trial court then failed to determine whether defendant had the ability to pay as it was required to do *before* ordering payment of the probation report fee. (§ 1203.1b, subd. (b); *People v. Adams* (1990) 224 Cal.App.3d 705, 712.) Moreover, defense counsel was correct—the trial court could not delegate its duty to determine whether defendant had the ability to pay the fee to the "court collections department." (*People v. Wilson* (1982) 130 Cal.App.3d 264, 269.)

Because the trial court failed to determine whether defendant was able to pay the fee, the court's order that defendant pay $176 pursuant to section 1203.1b must be reversed. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1401, disapproved on another ground by *People v. McCullough* (2013) 56 Cal.4th 589, 599 and *People v. Trujillo* (2015) 60 Cal.4th 850, 858, fn.5; *People v. Adams*, *supra*, 224 Cal.App.3d at p. 712.)

### Section 987.8

"[T]he court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost" of court-appointed legal assistance. (§ 987.8, subd. (b).) "If the court determines that the defendant has the present ability to pay all or a part of the cost, the court shall set the amount to be reimbursed and order the defendant to pay the sum to the county in the manner in which

the court believes reasonable and compatible with the defendant's financial ability." (*Id.*, subd. (e).)  As is the case with section 1203.1b, "it is the *court* that ultimately must make the ability to pay determination," and the court's duty under section 987.8 is not delegable.  (*People v. Pacheco*, *supra*, 187 Cal.App.4th at p. 1398.)

Here, the trial court imposed the attorney fee without first determining whether defendant had the "present ability to pay" as required by statute.[7]  (§ 987.8, subd. (e).)  Accordingly, we reverse the order that defendant pay $500 pursuant to section 987.8.  (*People v. Pacheco*, *supra*, 187 Cal.App.4th at p. 1399.)

The Attorney General asks this court to remand the matter to allow the trial court to determine whether defendant has the ability to pay the fees following the appropriate statutory procedures, citing *People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476.  Defendant urges us not to remand and simply to strike the fees in the interest of judicial economy, presumably because the probation report indicates he is unemployed and has no income or assets.  (On the other hand, it was reported he recently worked as a customer service representative at WalMart, and he had held other jobs before that.)  We will remand for the trial court to determine in the first instance whether defendant is able to pay the fees.  (*Ibid*. [remanding where the trial court failed to consider the defendant's ability to pay under section 987.8].)

### DISPOSITION

The order that defendant pay the probation report fee of $176 and the attorney fee of $500 is reversed, and the matter is remanded to allow the trial court to determine defendant's ability to pay and to assess any fees commensurate with that determination in

---

[7] The Attorney General suggests that no improper delegation occurred with respect to the attorney fee because the trial court may have intended only to delegate the task of conducting an inquiry into ability to pay pursuant to section 987.8, subdivision (b), not the task of making the final determination.  But the Attorney General does not dispute that the trial court is only authorized to impose a fee for the costs of legal assistance if it "determines that the defendant has the present ability to pay" (§ 987.8, subd. (e)), and it does not appear that a determination of ability to pay was made by anyone in this case.

compliance with sections 1203.1b and 987.8, respectively.  In all other respects, the judgment is affirmed.

_____
Miller, J.

We concur:


_____
Richman, Acting P.J.


_____
Stewart, J.




A144834, *People v. Patterson*


13